J-S37014-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
:
v. :
:
:
:
EMANUEL MURRAY, III :
:
Appellant : No. 2777 EDA 2022

Appeal from the Judgment of Sentence Entered August 1, 2022
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0000728-2021

BEFORE: BENDER, P.J.E., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY BENDER, P.J.E.: **FILED JANUARY 31, 2024**

Appellant, Emanuel Murray, III, appeals from the aggregate judgment

of sentence of 12 to 24 years' incarceration, followed by 2 years' probation,

imposed after a jury convicted him of various firearm-related offenses. After

careful review, we affirm.

The trial court summarized the facts underlying Appellant's convictions,

as follows:

On December 2, 2020, Officer Geoffrey Walls engaged in a high-
speed chase with a 2015 Chevy Malibu in Chester City, Delaware
County, Pennsylvania with [Appellant]…. The chase began after
the Chevy Malibu, operated by [Appellant], almost struck the
officer at an intersection. The Malibu was weaving in and out [of]
traffic during the chase. The officer eventually observed the car
parked and observed [Appellant], the only person in the area,
standing on a hill next to the car.

When the officer approached [Appellant], he observed [Appellant]
making a throwing motion towards the playground at Chester
Upland School of the Arts before fleeing across the streets. After
making the throwing motion, he then fled west to avoid contact

with the officer. The officer apprehended [Appellant] after pursuing [Appellant] for two blocks. After apprehending [Appellant], the officer retraced [Appellant's] steps and observed two forty-caliber firearms in the grass. The location of the guns was consistent with where [Appellant] was standing near the school's grounds. [Appellant] did not have a valid license to carry either firearm and was prohibited from possessing any firearm due to a prior criminal history.

Trial Court Opinion (TCO), 4/6/23, at 1-2 (citations to the record omitted).

Appellant was arrested and charged with two counts each of possession of a firearm by a person prohibited, 18 Pa.C.S. § 6105(a)(1); firearm not to be carried without a license, 18 Pa.C.S. § 6106(a)(1); possession of a weapon on school property, 18 Pa.C.S. § 912(b); and a single count of fleeing or eluding a police officer, 75 Pa.C.S. § 3733(a). He filed a pretrial motion to suppress, which the court denied. Appellant's jury trial commenced on January 31, 2022, and on February 3, 2022, the jury convicted him of the above-stated offenses. On August 1, 2022, Appellant was sentenced to the aggregate term of incarceration set forth *supra*.

On August 11, 2022, Appellant filed a motion entitled, "Defendant's Post-Sentence Motions: Motion for New Trial [and] Motion to Modify Sentence." On October 7, 2022, the trial court entered an order denying that

motion.[1]  Appellant filed a timely notice of appeal.[2]  He also complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.  The court filed a Rule 1925(a) opinion on April 6, 2023.

Herein, Appellant states three issues for our review:

1. The evidence was insufficient to support the verdict of the jury. The Commonwealth did not present credible evidence to link [Appellant] to two (2) firearms that were discovered by police in a schoolyard after [Appellant] was arrested.  Officer Walls's testimony was not credible and was not corroborated by physical evidence linking [Appellant] to the firearms.

2. Approximately one week before sentencing, counsel discovered medical records that Officer Walls had taken [Appellant] to Taylor Hospital within 90 minutes of his arrest.  Officer Walls told hospital staff that he witnessed [Appellant] ingest drugs, that he had taken drugs from [Appellant] and that [Appellant] had fallen while being chased and suffered a head injury.  The … [c]ourt erred by failing to grant [Appellant's] Motion for Extraordinary Relief pursuant to Pa.R.Crim.P. 704(B) based on the aforementioned information discovered by counsel after trial and before sentencing.  The failure to supply this information to counsel before trial prejudiced

---

[1] We recognize that the court's order states that, "upon consideration of Defendant's Motion for a New Trial, docketed on August 11, 2022; said Motion is hereby **DENIED**."  Order, 10/7/22, at 1 (emphasis in original).  While this order could be interpreted as only denying Appellant's motion for a new trial and leaving outstanding his motion for modification of his sentence, we consider the order as a denial of both, as Appellant's motions for a new trial and a modification of his sentence were presented in one motion filed on August 11, 2022.

[2] Appellant incorrectly stated that he is appealing from the court's order denying his post-sentence motion.  However, "[i]n a criminal action, appeal properly lies from the judgment of sentence made final by the denial of post-sentence motions."  **Commonwealth v. Shamberger**, 788 A.2d 408, 410 n.2 (Pa. Super. 2001) (*en banc*) (citation omitted).  We have corrected the caption accordingly.

- 3 -

[Appellant] by limiting his ability to cross examine Officer Walls and impeach his credibility.

3. The … [t]rial [c]ourt erred by failing to reconsider the excessive sentence imposed by the court. The … [c]ourt erred as a matter of law and abused its discretion in imposing the instant sentence as the [c]ourt failed to comply with the requirements of 42 Pa.C.S. [§] 9721. The sentence was manifestly excessive and unreasonable, [and] the … [c]ourt failed to adequately examine and consider [Appellant's] background, character and rehabilitative needs with the goal of imposing an individual sentence. The … [c]ourt failed to adequately state sufficient reasons for imposing the sentence.

Appellant's Brief at 3-4.

Appellant first purports to challenge the sufficiency of the evidence to sustain his convictions, arguing that his convictions rest solely on the testimony of Officer Walls, which the jury should have deemed incredible. Attacks on credibility determinations are challenges to the weight, not sufficiency of the evidence. *See Commonwealth v. Gaskins*, 692 A.2d 224, 227 (Pa. Super. 1997). We will not review a sufficiency claim where the argument in support thereof goes to the weight, not the sufficiency of the evidence. *See Commonwealth v. Sherwood*, 982 A.2d 483, 492 (Pa. 2009) (citing *Commonwealth v. Small*, 741 A.2d 666, 672 (Pa. 1999) (stating appellate court will not review sufficiency claim where argument in support of claim goes to weight, not sufficiency, of the evidence); *Commonwealth v. Mack*, 850 A.2d. 690, 693 (Pa. Super. 2004) (providing no relief where the appellant alleged sufficiency but argued weight; weight issue was reserved for fact-finder below)). Moreover, Appellant failed to preserve a challenge to the weight of the evidence to sustain his conviction in his Rule 1925(b) statement.

*See* Rule 1925(b) Statement, 11/15/22, at unnumbered 1-2; Trial Court Order, 11/7/22, at unnumbered 1 ¶ 4 ("Any issues not properly included in the Concise Statement of Matters Complained of on Appeal filed and served pursuant to the provisions of Pa.R.A.P. 1925(b) shall be deemed waived."). *See also Greater Erie Indus. Development Corp. v. Presque Isle Downs, Inc.*, 88 A.3d 222, 225 (Pa. Super. 2014) (*en banc*) (holding that, "[i]n determining whether an appellant has waived his issues on appeal based on non-compliance with [Rule] 1925, it is the trial court's order that triggers an appellant's obligation[;] … therefore, we look first to the language of that order") (citations omitted).

Nevertheless, even if Appellant's argument was properly raised and preserved for our review, we would deem it meritless. Appellant only cursorily claims that Officer Walls's testimony was incredible. He provides no developed discussion of why the jury should have disbelieved the officer's testimony that "he observed [Appellant] making a dropping motion with his hands" before fleeing, and that the officer shortly thereafter discovered two firearms in the same location where Appellant had made that motion. TCO at 3. It is well settled that "the fact-finder is free to believe all, part, or none of the evidence presented. It is not within the province of this Court to re-weigh the evidence and substitute our judgment for that of the fact-finder." *Commonwealth v. Williams*, 302 A.3d 117, 120 (Pa. Super. 2023). Thus, we would conclude that no relief is due.

In Appellant's second issue, he presents an after-discovered-evidence claim, contending that "one week before sentencing, counsel for [A]ppellant discovered medical records from Taylor Hospital and learned that Officer Walls had taken [A]ppellant to this hospital within 90 minutes of his arrest and told the hospital staff that: (1) [Officer] Walls had seen [A]ppellant ingest drugs[;] (2) [Officer] Walls had taken drugs from [A]ppellant[;] and (3) Appellant had fallen while being chased and received a head injury." Appellant's Brief at 13. According to Appellant, this after-discovered evidence "would have been important … to challenge the credibility of Officer Walls at the suppression hearing and at trial" because the officer "did not testify [that] he recovered drugs from [A]ppellant and[,] in fact[,] testified he did not recover anything illegal from [A]ppellant's person." *Id.*

Notably, Appellant did not raise this after-discovered evidence claim in a written motion prior to sentencing, or in his post-sentence motion for a new trial. While he claims that he "made an oral Motion for Extraordinary Relief at the sentencing hearing and the court denied the motion[,]" *id.* at 14, the transcript of the sentencing hearing is not contained in the certified record before this Court. It is well-settled that,

> "[i]t is an appellant's duty to ensure that the certified record is complete for purposes of review." *Commonwealth v. Reed*, … 971 A.2d 1216, 1219 ([Pa.] 2009). In addition, our Court has stated a "[f]ailure to ensure that the record provides sufficient information to conduct a meaningful review constitutes waiver of the issue sought to be reviewed. Where portions of a proceeding are unrecorded, [the] appellant's burden to supply a record may be satisfied through the statement in absence of transcript procedures. *See* Pa.R.A.P. 1923." *Commonwealth v. Steward*,

- 6 -

775 A.2d 819, 835 (Pa. Super. 2001) (citation and quotations omitted)….

***Commonwealth v. Lopez***, 57 A.3d 74, 82 (Pa. Super. 2012). Because Appellant has failed to ensure that the sentencing transcripts are contained in the certified record, we cannot verify that he preserved his after-discovered evidence claim for our review. Therefore, it is waived.

Nevertheless, even if not waived, no relief would be due.

To be granted a new trial based on … after-discovered evidence:

> [The defendant] must demonstrate that the evidence: (1) could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted.

> The test is conjunctive; the defendant must show by a preponderance of the evidence that each of these factors has been met in order for a new trial to be warranted.

***Commonwealth v. Padillas***, 997 A.2d 356, 363 (Pa. Super. 2010) (internal citations omitted).

In this case, Appellant explicitly states that the after-discovered evidence would have been used "to challenge the credibility of Officer Walls at the suppression hearing and at trial." Appellant's Brief at 13. Additionally, he does not explain how he discovered this new evidence, or why he could not have done so earlier with the exercise of due diligence. He also only baldly states, without any elaboration, that this evidence "could have changed the outcome of the trial." *Id.* at 15. Clearly, Appellant has failed to prove all four of the above-stated requirements for obtaining a new trial based on after-

discovered evidence. Thus, even if preserved, we would conclude that no relief is due.

Lastly, Appellant challenges the discretionary aspects of his sentence, arguing that the trial court failed to consider mitigating circumstances of his case; investigate and consider Appellant's background, character, and rehabilitative needs; and/or state adequate reasons on the record for the sentence imposed. *Id.* at 16. Appellant's arguments implicate the discretionary aspects of his sentence.

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. **Commonwealth v. Sierra**, 752 A.2d 910, 912 (Pa. Super. 2000). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > We conduct a four-part analysis to determine: (1) whether [the] appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether [the] appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).
>
> **Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa. Super. 2006), *appeal denied*, … 909 A.2d 303 ([Pa.] 2006). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. **Commonwealth v. Mann**, 820 A.2d 788, 794 (Pa. Super. 2003), *appeal denied*, … 831 A.2d 599 ([Pa.] 2003).
>
> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. **Commonwealth v. Paul**, 925 A.2d 825, 828 (Pa. Super. 2007). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent

with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Sierra, supra*** at 912–13.

***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa. Super. 2013) (quoting

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010)).

Additionally, this Court has explained:

[W]hen the appellant has not included a Rule 2119(f) statement and the appellee has not objected, this Court may ignore the omission and determine if there is a substantial question that the sentence imposed was not appropriate, or enforce the requirements of Pa.R.A.P. 2119(f) *sua sponte, i.e.,* deny allowance of appeal. However, this option is lost if the appellee objects to a 2119(f) omission. In such circumstances, this Court is precluded from reviewing the merits of the claim and the appeal must be denied.

***Commonwealth v. Kiesel***, 854 A.2d 530, 533 (Pa. Super. 2004) (citations omitted).

Here, Appellant failed to include a Rule 2119(f) statement in his brief, and the Commonwealth has objected. ***See*** Commonwealth's Brief at 19. Moreover, as stated *supra*, Appellant has not ensured that the transcript of the sentencing hearing is contained in the certified record before this Court. Accordingly, we cannot meaningfully review his sentencing claim. ***See Lopez***, ***supra***.

In any event, Appellant's cursory, single-paragraph argument would fail to demonstrate an abuse of the court's ample sentencing discretion. ***See*** Appellant's Brief at 15-16. As the trial court explains:

The low end of the standard range for one of each charge convicted is 11.5-22 years of incarceration. The high end of the standard range for one of each charge convicted is 13.5-27 years

of incarceration. This standard range does not consider the convictions for possessory charges. If all charges were run consecutively, the low end of the sentencing range would be 21-42 years of incarceration and the high end of the sentencing range would be 26.5-53 years of state incarceration.

[Appellant's] prior record score is a 5. [Appellant's] maximum exposure for the charged crimes was 71 years of incarceration. [Appellant] declined to enter into a negotiated guilty plea for 10-20 years and exercised his right to a trial. Since his conviction, [Appellant] has not taken responsibility for his conduct or expressed remorse. The Commonwealth requested a sentence of at least 15-30 years of state incarceration.

Here, the court sentenced [Appellant] within the standard range for sentencing. The court imposed this sentence after considering [Appellant's] prior history, the nature of the offense, protection of the public, and rehabilitative needs of [Appellant]. [Appellant] has an extensive prior history including juvenile offenses. [Appellant] has violated every supervision he has been on. The city of Chester is plagued by extensive gun violence and this offense is particularly egregious due to the circumstances surrounding the incident. The officer found the guns on a school property and the guns posed a serious threat to the community especially children. Additionally, the court did not hear any mitigating factors that lessen the sentence. Thus, the sentence was appropriate.

TCO at 4-5.

As Appellant offers no developed discussion to challenge the court's explanation for his sentence, or address — in any significant detail — how the court abused its discretion in fashioning his sentence, we would deem his sentencing claim meritless.

Judgment of sentence affirmed.

- 10 -

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/31/2024