J-S09037-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KENNETH ABRAHAM COPELAND | : | |
| | : | |
| Appellant | : | No. 1544 EDA 2023 |

Appeal from the Judgment of Sentence Entered April 28, 2023
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0002173-2022

BEFORE: PANELLA, P.J.E., NICHOLS, J., and BECK, J.

MEMORANDUM BY BECK, J.:  **FILED APRIL 04, 2024**

Kenneth Abraham Copeland ("Copeland") appeals from the judgment of sentence imposed by the Court of Common Pleas of Chester County following his convictions of resisting arrest and disorderly conduct.[1]  Copeland's counsel, Attorney Scott J. Werner ("Counsel"), seeks to withdraw from representation pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009).  Upon review, we grant Counsel's petition to withdraw and affirm Copeland's judgment of sentence.

The record reflects that police officers with the Uwchlan Township Police Department received information that Copeland, who had an active arrest

---

[1]  18 Pa.C.S. §§ 5104, 5503(a)(1).

warrant, was staying at a hotel in Exton, Pennsylvania. On June 17, 2022, police attempted to serve the arrest warrant on Copeland, but he refused their commands to put his hands behind his back or be handcuffed. Having found two knives on his person, officers deployed a taser six times to subdue Copeland and ultimately arrest him.

On July 22, 2022, the Commonwealth filed a criminal information charging Copeland with one count each of resisting arrest and disorderly conduct, and two counts of possessing instruments of crime.

Following a bench trial held on January 26, 2023, the trial court found Copeland guilty of resisting arrest and disorderly conduct, and not guilty of possessing instruments of a crime. On April 28, 2023, the trial court imposed a sentence of eleven and one-half to twenty-three months of incarceration on the resisting arrest charge and a concurrent one year of probation on the disorderly conduct charge. Copeland filed a timely post-sentence motion challenging the sufficiency and weight of the evidence to sustain his convictions and discretionary aspects of his sentence. After the trial court denied his post-sentence motion, Copeland filed a timely notice of appeal.

The trial court ordered Copeland to file a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). In response, Counsel filed a statement of intent to withdraw pursuant to **Anders**/**Santiago** in lieu of a Rule 1925(b) statement. **See** Pa.R.A.P. 1925(c)(4) ("If counsel intends to seek to withdraw in a criminal

case pursuant to *Anders*/*Santiago* …, counsel shall file of record and serve on the judge a statement of intent to withdraw in lieu of filing a Statement.").

On December 22, 2023, Counsel filed an *Anders* brief and petition to withdraw as counsel in this Court. When faced with an *Anders* brief, we may not review the merits of the underlying issues or allow withdrawal without first deciding whether counsel has complied with all requirements set forth in *Anders* and *Santiago*. *Commonwealth v. Wimbush*, 951 A.2d 379, 382 (Pa. Super. 2008). There are mandates that counsel seeking to withdraw pursuant to *Anders* must follow, which arise because a criminal defendant has a constitutional right to a direct appeal and to be represented by counsel for the pendency of that appeal. *Commonwealth v. Woods*, 939 A.2d 896, 898 (Pa. Super. 2007). We have summarized these requirements as follows:

> Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an *Anders* brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.
>
> *Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed pro se or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of *Anders*, this Court will deny the petition to withdraw and remand the case with appropriate instructions (e.g., directing counsel either to comply with *Anders* or file an advocate's brief on [a]ppellant's behalf).

*Id.* (citations omitted).

- 3 -

Additionally, *Santiago* sets forth precisely what an *Anders* brief must contain:

> [T]he *Anders* brief that accompanies court-appointed counsel's petition to withdraw … must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. If counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings to determine whether there are any other non-frivolous issues that the appellant could raise on appeal. *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018) (en banc).

Instantly, we conclude that Counsel has complied with the requirements outlined above. Counsel has filed a petition with this Court stating that after reviewing the record, he finds this appeal to be wholly frivolous. Petition to Withdraw as Counsel, 12/22/2023. In conformance with *Santiago*, Counsel's brief includes summaries of the facts and procedural history of the case and discusses the issues he believes might arguably support Copeland's appeal. *See Anders* Brief at 5-18. Counsel's brief further sets forth his conclusion that the appeal is frivolous and includes discussion of, and citation to, relevant authority in support of his conclusion. *Id.* Finally, Counsel attached to his petition to withdraw the letter he sent to Copeland, which enclosed Counsel's

petition and **Anders** brief. Petition to Withdraw as Counsel, 12/22/2023, Ex.

A. Counsel's letter advised Copeland of his right to proceed pro se or with

private counsel, and to raise any additional issues that he deems worthy of

this Court's consideration. **Id.** Because Counsel has complied with the

procedural requirements for withdrawing from representation, we turn our

attention to the issues Counsel raised in the **Anders** brief: (1) whether the

evidence was insufficient to support the verdict; (2) whether the verdict was

against the weight of the evidence; and (3) whether the trial court abused its

discretion in sentencing Copeland. **Anders** Brief at 9-18.

For his first issue, Copeland argues that there is insufficient evidence to

sustain his resisting arrest and disorderly conduct convictions. **Anders** Brief

at 10-17. Our Court's standard of review of a challenge to the sufficiency of

the evidence is well settled:

> In reviewing a sufficiency of the evidence claim, we must
> determine whether the evidence admitted at trial, as well as all
> reasonable inferences drawn therefrom, when viewed in the light
> most favorable to the verdict winner, are sufficient to support all
> elements of the offense. Additionally, we may not reweigh the
> evidence or substitute our own judgment for that of the fact
> finder. The evidence may be entirely circumstantial as long as it
> links the accused to the crime beyond a reasonable doubt.

**Commonwealth v. Juray**, 275 A.3d 1037, 1042 (Pa. Super. 2022)

(quotation marks and citations omitted).

The Pennsylvania Crimes Code defines resisting arrest as follows:

> A person commits a misdemeanor of the second degree if, with
> the intent of preventing a public servant from effecting a lawful
> arrest or discharging any other duty, the person creates a

- 5 -

substantial risk of bodily injury to the public servant or anyone else, or employs means justifying or requiring substantial force to overcome the resistance.

18 Pa.C.S. § 5104. The Pennsylvania Crimes Code defines disorderly conduct, in relevant part, as follows: "A person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he: (1) engages in fighting or threatening, or in violent or tumultuous behavior[.]" 18 Pa.C.S. § 5503(a)(1).

The record reflects that police received an anonymous tip that Copeland, who had an active arrest warrant, was staying at a local hotel. N.T., 1/26/2023, at 14. Police informed hotel staff, including hotel clerk Nicole Wyatt ("Wyatt"), and asked staff to inform police if they saw Copeland at the hotel. *Id.* at 34.

At about 3:45 a.m. on June 17, 2022, Officer Maria Mattioni observed Copeland outside the rear of the hotel and called for officers to assist in serving the arrest warrant on him. *Id.* at 13-15. Before the other officers arrived, Officer Mattioni entered the hotel lobby and confirmed with Wyatt, through hotel video surveillance, that the man Officer Mattioni had just observed was Copeland. *Id.* at 13-16. Copeland entered the hotel lobby prior to the other officers' arrival, so Officer Mattioni approached Copeland, asked him to put his bags down, take a seat, and have a conversation with her. *Id.* at 16-18. Copeland declined. *Id.* at 17.

Quickly thereafter, Officer Daniel Myers and Detective James Alderfer arrived in the lobby, at which point Officer Mattioni informed Copeland that he was under arrest pursuant to the warrant and directed him to put his hands behind his back. *Id.* at 17-18, 46-47, 68. Copeland refused to comply, stating "[n]o, no, no. No. We're not going to do this." *Id.* at 18, 69-70. Officer Mattioni was able to handcuff one of Copeland's wrists while Officer Myers attempted to cuff the other hand, but Copeland refused the officers' commands to put his arms behind his back, keeping his arms rigid and stiff and resisting the officers' attempts to handcuff him. *Id.* at 18, 47-48, 69-70. Eventually Officer Mattioni advised Copeland that if he continued to resist their commands to comply, she would taser him, which she ultimately did. *Id.* at 19, 21, 48. This resulted in Copeland and the three officers going to the ground, where Copeland continued to resist officers' commands to put his hands behind his back; Copeland pulled and rolled away from the officers, refused to put his arms behind his back, kept his arms rigid and stiff, pulled his hands "towards center mass," and put his arms and body in a "turtle" position. *Id.* at 19, 20, 21, 48-49, 63-64. Officer Mattioni tased Copeland five more times in an attempt to subdue him and gain his compliance. *Id.* at 21-22, 41. Officer Myers eventually put Copeland in an "underhook" position and pinned his elbows together, at which point Officer Mattioni and Detective Alderfer were able to handcuff him. *Id.* at 49-50. As a result, Officer Mattioni sustained injuries to her elbows and knees and experienced involuntary

shortness of breath. *Id.* at 28. Wyatt's testimony and police body camera footage confirmed the officers' testimony. *Id.* at 4-12, 24-27, 50-57.

Based on the foregoing, the evidence at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the Commonwealth as verdict winner, were sufficient to sustain Copeland's convictions. *See Commonwealth v. McDonald*, 17 A.3d 1282, 1286 (Pa. Super. 2011) (concluding that evidence was sufficient to support appellant's resisting arrest conviction where he was wrestled to the ground by multiple officers, refused commands, physically resisted while under threat of being tasered, and police eventually deployed the taser to arrest him); *Commonwealth v. Thompson*, 922 A.2d 926, 929 (Pa. Super. 2007) (concluding that the Commonwealth established the elements of disorderly conduct where appellant willfully created a serious inconvenience at the parking garage by making unreasonable noise after officers attempted to diffuse the situation following an attempt to arrest appellant's husband). We therefore agree that the claim is frivolous.

For his second issue, Copeland argues that the verdict is against the weight of the evidence. *Anders* Brief at 15-16. The following legal principles apply to a trial court's consideration of a challenge to the weight of the evidence supporting a conviction:

> An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have

arrived at a different conclusion. A trial judge must do more than reassess the credibility of the witnesses and allege that he would not have assented to the verdict if he were a juror. Trial judges, in reviewing a claim that the verdict is against the weight of the evidence do not sit as the thirteenth juror. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

Thus, to allow an appellant to prevail on a challenge to the weight of the evidence, the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the trial court.

*Juray*, 275 A.3d at 1046-47 (quotation marks and citations omitted).

Our standard of review for weight of the evidence claims, however, differs from that of the trial court:

Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

*Id.* at 1047 (citation omitted).

The trial court, sitting as factfinder in a bench trial, "is free to believe all, part, or none of the evidence presented." *Commonwealth v. Williams*, 302 A.3d 117, 120 (Pa. Super. 2023) (quotation marks and citation omitted). The record reflects that the trial court had the opportunity to hear and see the testimony of Wyatt, Officers Mattioni and Myers, and Detective Alderfer, as well as the body camera footage of Officer Mattioni and Detective Alderfer.

Through its guilty verdicts for resisting arrest and disorderly conduct, the trial court chose to find the Commonwealth's witnesses credible. *Id.* The record confirms that the trial court did not abuse its discretion in rejecting Copeland's challenge to the weight of the evidence. We therefore agree with Counsel that the claim is frivolous.

For his third issue, Copeland argues that the trial court imposed an inappropriate sentence under the Sentencing Code. *Anders* Brief at 17-18. This issue challenges the discretionary aspects of Copeland's sentence.

"A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. Baker*, --- A.3d ---, 2024 WL 505083 at *4 (Pa. Super. Feb. 9, 2024) (citation omitted). To invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence, an appellant must satisfy a four-part test:

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Baker*, --- A.3d ---, 2024 WL 505083 at *4 (citation and brackets omitted).

Instantly, Copeland filed a timely notice of appeal and preserved the issue in a timely post-sentence motion. Copeland has not complied with Pa.R.A.P. 2119(f). Nevertheless, because the Commonwealth does not object

to Copeland's failure to include a Rule 2119(f) statement, we may ignore the omission. ***Commonwealth v. Kiesel***, 854 A.2d 530, 533 (Pa. Super. 2004). However, Copeland's bald claim the trial court imposed an inappropriate sentence under the Sentencing Code does not raise a substantial question. ***See Commonwealth v. Snyder***, 289 A.3d 1121, 1126 (Pa. Super. 2023) (noting that a "substantial question exists when the appellant makes a colorable argument that the sentencing judge's actions were inconsistent with a specific provision of the Sentencing Code"); ***Commonwealth v. Radecki***, 180 A.3d 441, 468 (Pa. Super. 2018) (noting that "this Court does not accept bald assertions of sentencing errors").

In any event, we note that the record confirms that the trial court sentenced Copeland to a standard range sentence with credit for time served. ***See*** N.T., 4/28/2023, at 4-5, 12-14. "[W]here a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code." ***Commonwealth v. Moury***, 992 A.2d 162, 171 (Pa. Super. 2010). Counsel is therefore correct that raising this issue on appeal would be frivolous.

Our independent review of the record reveals no other non-frivolous issues that Copeland could raise on appeal. ***See Dempster***, 187 A.3d at 272. We therefore grant Counsel's petition to withdraw and affirm Copeland's judgment of sentence.

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/4/2024