J-S15019-23

2023 PA Super 147

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JOSEPH EDWARD WILLIAMS | : | |
| | : | |
| Appellant | : | No. 993 MDA 2022 |

Appeal from the Judgment of Sentence Entered January 20, 2022
In the Court of Common Pleas of Luzerne County Criminal Division at No:
CP-40-CR-0002417-2019

BEFORE: BOWES, J., STABILE, J., and SULLIVAN, J.

OPINION BY STABILE, J.:                    **FILED: AUGUST 4, 2023**

Appellant, Joseph Edward Williams, appeals from the January 20, 2022 judgment of sentence imposing 5 to 10 years of incarceration followed by one year of probation for possession with intent to deliver ("PWID") a controlled substance[1] (fentanyl) and possession of cocaine.[2] The jury found Appellant not guilty of possession of fentanyl. We affirm.

The record reveals that William Davis was apprehended after a controlled buy on June 27, 2019. Davis agreed to cooperate with police, led them to an apartment he shared with his fiancé, Pamela Obitz, and consented to a search of the premises. Within seconds of entering Davis's apartment, police observed Appellant at the apartment's kitchen table. On the table in

---

[1] 35 P.S. § 780-113(a)(30).

[2] 35 P.S. § 780-113(a)(16).

front of Appellant was a scale, and at his feet was a blender with a white powdery residue in it. Police recovered 171 baggies of fentanyl from the table in front of Appellant. The parties stipulated that the 171 baggies of fentanyl weighed 2.7 grams. In a search incident to Appellant's arrest, police found one bag of marijuana, one bag of crack cocaine, and $526 in Appellant's pockets. A Commonwealth witness testified that the amounts of drugs, cash, and paraphernalia found on or near Appellant were indicative of drug distribution.[3] Davis explained that he and Obitz, in exchange for drugs for their personal use, sold drugs for Appellant and allowed him to use their apartment.

On October 19, 2021, a jury found Appellant guilty of PWID (fentanyl) and guilty of possession of cocaine, but not guilty of possession of fentanyl, possession of drug paraphernalia, and possession of a gun with an altered serial number. The trial court sentenced Appellant as set forth above and denied Appellant's motion for reconsideration by order of June 28, 2022. This timely appeal followed.

Appellant presents three questions:

I.    Whether the Commonwealth proved by sufficient evidence that the Appellant was guilty of [PWID]?

---

[3] We have culled the relevant facts from pages two through nine of the trial court's October 25, 2022 opinion. Except as noted below in connection with Appellant's challenge to his conviction for cocaine possession, the pertinent facts are not in dispute.

II.     Whether the Commonwealth proved by sufficient evidence that the Appellant was guilty of possession of [cocaine]?

III.    Whether the trial court abused its discretion or committed an error of law in sentencing the Appellant in applying an incorrect Offense Gravity Score?

Appellant's Brief at 1.

We begin with Appellant's challenges to the sufficiency of the evidence, which we review as follows:

> We must determine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, when viewed in a light most favorable to the Commonwealth as verdict winner, support the conviction beyond a reasonable doubt. Where there is sufficient evidence to enable the trier of fact to find every element of the crime has been established beyond a reasonable doubt, the sufficiency of the evidence claim must fail.
>
> The evidence established at trial need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented. It is not within the province of this Court to re-weigh the evidence and substitute our judgment for that of the fact-finder. The Commonwealth's burden may be met by wholly circumstantial evidence and any doubt about the defendant's guilt is to be resolved by the fact[-]finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

*Commonwealth v. Izurieta*, 171 A.3d 803, 806 (Pa. Super. 2017).

Section 780-113(a)(16) prohibits knowing possession of a controlled substance.[4] Appellant argues that the following testimony is not sufficient to support a conviction for knowing possession of cocaine:

_____

[4] Section 780-113(a)(16) prohibits "Knowingly or intentionally possessing a controlled or counterfeit substance by a person not registered under this act,
*(Footnote Continued Next Page)*

- 3 -

Q.     Were there any other drugs on the defendant that day?

A.     That day we located an amount of marijuana and I believe also an amount if I'm not mistaken crack cocaine.

N.T. Trial, 10/19/21, at 110.  On cross examination, defense counsel asked one question:

Q.     Where did you find the cocaine?

A.     I don't recall the location of the cocaine.

*Id.* at 121.  In addition, the Commonwealth produced the cocaine as an exhibit.  The parties stipulated that the exhibit contained .21 grams of cocaine.

Appellant argues the Commonwealth's evidence is so "weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances."  *Izurieta*, 171 A.3d at 806.  Appellant asserts, in conclusionary fashion, that "the Commonwealth did not meet their burden of proof."  Appellant's Brief at 7.

Appellant's argument rests on one aspect of our standard of review but neglects several other important principles of law.  We have explained, for example, that even where witnesses contradict themselves, these "inconsistent or contradictory statements may be used to attack the witness' credibility."  *Commonwealth v. Williams*, 434 A.2d 717, 719 (Pa. Super.

_____

or a practitioner not registered or licensed by the appropriate State board, unless the substance was obtained directly from, or pursuant to, a valid prescription order or order of a practitioner, or except as otherwise authorized by this act."  35 P.S. § 780-113(a)(16).

1981). Contradictory testimony does not, of itself, require the jury to resort to speculation. *Id.* Similarly in the instant case, the witness's testimony, while equivocal, stated that police recovered crack cocaine from Appellant's person. The jury was free to assess the credibility and weight to be assigned to this testimony and believe all, part, or none of it regardless the equivocation. Further, the Commonwealth produced .21 grams of cocaine as an exhibit. The jury reasonably could have found that this exhibit bolstered the witness's testimony, as Appellant cites no evidence that cocaine was recovered from elsewhere in the apartment. This Court is required, on appeal from a conviction, to draw all reasonable inferences in the Commonwealth's favor, and we are forbidden to substitute our judgment for that of the jury. *Izurieta*, 171 A.3d at 806. For the foregoing reasons, Appellant's argument does not merit relief.

Next, Appellant argues his conviction for PWID (fentanyl), must fall because the jury acquitted him of possession of fentanyl, a lesser included offense. Controlling case law refutes Appellant's argument:

> We note first that inconsistent verdicts, while often perplexing, are not considered mistakes and do not constitute a basis for reversal. Consistency in verdicts in criminal cases is not necessary. When an acquittal on one count in an indictment is inconsistent with a conviction on a second count, the court looks upon the acquittal as no more than the jury's assumption of a power which they had no right to exercise, but to which they were disposed through lenity. Thus, this Court will not disturb guilty verdicts on the basis of apparent inconsistencies as long as there is evidence to support the verdict. **The rule that inconsistent verdicts do not constitute reversible error applies even**

**where the acquitted offense is a lesser included offense of the charge for which a defendant is found guilty.**

*Commonwealth v. Burton*, 234 A.3d 824, 829 (Pa. 2020) (emphasis added).

Furthermore, Appellant's reliance on Double Jeopardy principles is misplaced. He relies on § 109 of the Pennsylvania Crimes Code:

> When a prosecution is for a violation of the same provision of the statutes and is based upon the same facts as a former prosecution, it is barred by such former prosecution under the following circumstances:
>
> (1) The former prosecution resulted in an acquittal. There is an acquittal if the prosecution resulted in a finding of not guilty by the trier of fact or in a determination that there was insufficient evidence to warrant a conviction. A finding of guilty of a lesser included offense is an acquittal of the greater inclusive offense, although the conviction is subsequently set aside.

18 Pa.C.S.A. § 109(1). Section 109 does not apply because Appellant was not acquitted of a lesser included offense in a former prosecution. Rather, the jury returned an inconsistent verdict during a single prosecution for the lesser and greater offenses, as is permissible under *Burton*. Appellant's second argument fails.

In his final argument, Appellant asserts that the trial court's sentence violated the holdings of *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Alleyne v. United States*, 570 U.S. 99 (2013) because the weight of the fentanyl (2.7 grams), which resulted in an offense gravity score ("OGS") of ten rather than nine, was stipulated to by the parties and not found by a jury.

The OGS of ten resulted in a standard sentencing guideline range of 60 to 72 months; it would have been 48 to 60 months with an OGS of nine.

Appellant misapplies *Apprendi* and *Alleyne*. In *Apprendi*, the United States Supreme Court held that any fact, other than a prior conviction, which increases the statutory maximum penalty for an offense must be submitted to the fact finder and proven beyond a reasonable doubt. Similarly, the *Alleyne* Court held that any fact that increases a mandatory minimum sentence must be submitted to the fact finder and proven beyond a reasonable doubt. But where the fact in question does not affect the maximum sentence and the minimum sentence remains within the discretion of the sentencing court, *Apprendi* and *Alleyne* do not apply. The trial court's "broad sentencing discretion, informed by judicial fact finding," does not implicate *Alleyne* or *Apprendi*. *Commonwealth v. Hopkins*, 117 A.3d 247, 262 n.5 (Pa. 2015). We have explained, therefore, that a fact resulting in an increased sentencing guideline range, such as the defendant's use of a deadly weapon, need not be submitted to the factfinder and proven beyond a reasonable doubt. *Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1270 n.10 (Pa. Super. 2014) (*en banc*), *appeal denied*, 104 A.3d 1 (Pa. 2014). Here, the weight of the fentanyl enhanced the sentencing guideline range; it did not change the statutory maximum or trigger a mandatory minimum. And the trial court retained discretion to impose a minimum sentence below, within,

or above the guideline range. Appellant's reliance on **Apprendi** and **Alleyne** is misplaced.

Because we have found no merit to any of Appellant's arguments, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/04/2023