**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSE FIGUEROA | : | |
| | : | |
| Appellant | : | No. 2505 EDA 2022 |

Appeal from the Judgment of Sentence Entered April 20, 2022
In the Court of Common Pleas of Chester County Criminal Division at
No(s):  CP-15-CR-0003424-2018

BEFORE:   DUBOW, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED AUGUST 30, 2023**

Appellant, Jose Figueroa, appeals from the aggregate judgment of sentence of 4 to 8 years' incarceration imposed by the Court of Common Pleas of Chester County (trial court) following his convictions for dealing in proceeds of unlawful activities, criminal use of a communication facility, and conspiracy to commit those crimes.[1]  After careful consideration, we affirm.

Appellant was charged with the above offenses and with delivery of fentanyl, drug delivery resulting in death, conspiracy to commit delivery of fentanyl, and conspiracy to commit drug delivery resulting in death.  Criminal Information; N.T. Trial, 6/3/19, at 2-4, 24.  All of these charges were based

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 5111(a)(1), 7512(a), 903, respectively.

on actions by Appellant with respect to a drug sale that the Commonwealth alleged occurred on or about March 2, 2018.  Criminal Information; N.T. Trial, 6/3/19, at 12-13, 16, 25, 34; N.T. Trial, 6/5/19, at 4-5.  Following a three-day jury trial, Appellant was found guilty on June 5, 2019 of dealing in proceeds of unlawful activities, criminal use of a communication facility, conspiracy to commit dealing in proceeds of unlawful activities, and conspiracy to commit criminal use of a communication facility, and was acquitted of delivery of fentanyl, drug delivery resulting in death, and conspiracy to commit those offenses.  N.T. Trial, 6/5/19, at 204-06.

On April 20, 2022, following multiple continuances, most of which were requested by Appellant, the trial court sentenced Appellant to $2^1/_2$ to 5 years' incarceration for the dealing in proceeds of unlawful activities conviction, a consecutive term of $1^1/_2$ to 3 years' incarceration for criminal use of a communication facility, and concurrent terms of $2^1/_2$ to 5 years' incarceration and $1^1/_2$ to 3 years' incarceration for the conspiracy convictions, resulting in an aggregate sentence of 4 to 8 years' incarceration.  Sentencing Sheet. Appellant filed a timely post-sentence motion seeking a new trial on weight of the evidence grounds, reconsideration of sentence, and dismissal of the charges based on the delay in sentencing.  The trial court denied Appellant's post-sentence motion on August 24, 2022.  Trial Court Order, 8/24/22.  This timely appeal followed.

The sole issue raised by Appellant in this appeal is whether the evidence introduced at trial was sufficient to sustain his convictions for dealing in proceeds of unlawful activities, criminal use of a communication facility, and conspiracy to commit those offenses. Our standard of review on this issue is well-settled:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. … Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Brockman*, 167 A.3d 29, 38 (Pa. Super. 2017) (quoting *Commonwealth v. Antidormi*, 84 A.3d 736 (Pa. Super. 2014)).

The elements of the offense of dealing in proceeds of unlawful activities are set forth in Section 5111(a) of the Crimes Code, which provides in relevant part that a person commits this offense if he "conducts a financial transaction … [w]ith knowledge that the property involved, including stolen or illegally obtained property, represents the proceeds of unlawful activity" and "with the intent to promote the carrying on of the unlawful activity." 18 Pa.C.S. §

5111(a)(1); *Commonwealth v. Lynch*, 242 A.3d 339, 347-49 (Pa. Super. 2020); *Commonwealth v. Hill*, 210 A.3d 1104, 1112-13 (Pa. Super. 2019). Section 5111 defines a "financial transaction" as including "any exchange of stolen or illegally obtained property for financial compensation or personal gain" and defines "unlawful activity" as "[a]ny activity graded a misdemeanor of the first degree or higher under Federal or State law." 18 Pa.C.S. § 5111(f); *Hill*, 210 A.3d at 1112-13. Evidence that the defendant participated in an exchange of the proceeds from the sale of illegal drugs as payment for illegal drugs is sufficient to prove the elements of dealing in proceeds of unlawful activities. *Lynch*, 242 A.3d at 344, 352-53, 380-81.

The elements of the offense of criminal use of a communication facility are: (1) that the defendant knowingly and intentionally used a communication facility; (2) that the defendant in that use of a communication facility knowingly, intentionally, or recklessly facilitated an underlying felony; and (3) that the underlying felony occurred. 18 Pa.C.S. § 7512(a); *Commonwealth v. Moss*, 852 A.2d 374, 382 (Pa. Super. 2004). The term "communication facility" includes telephones. 18 Pa.C.S. § 7512(c) ("the term 'communication facility' means a public or private instrumentality used or useful in the transmission of signs, signals, writing, images, sounds, data or intelligence of any nature transmitted in whole or in part, including, but not limited to, telephone, wire, radio, electromagnetic, photoelectronic or photo-optical systems or the mail"); *Moss*, 852 A.2d at 382. Evidence that the defendant

used a telephone to arrange a sale of illegal drugs that was consummated or attempted satisfies the elements of criminal use of a communication facility. **Moss**, 852 A.2d at 382-83.

To sustain a conviction for conspiracy, the Commonwealth must prove that the defendant entered into an agreement with another person or persons to commit or aid in an unlawful act, that he and the other person or persons had a shared criminal intent, and that an overt act was done in furtherance of the conspiracy. 18 Pa.C.S. § 903(a), (e); **Commonwealth v. Fisher**, 80 A.3d 1186, 1190 (Pa. 2013); **Commonwealth v. Kinard**, 95 A.3d 279, 293 (Pa. Super. 2014). Evidence that the defendant knowingly participated in an illegal transaction with another person or assisted another's illegal activity is sufficient to prove an agreement to commit or aid in that crime with a shared criminal intent. **Commonwealth v. McClelland**, 204 A.3d 436, 442-43 (Pa. Super 2019); **Kinard**, 95 A.3d at 293.

Here, the evidence at trial was sufficient to prove the elements of all of these offenses. Raul Mercado testified that he sold heroin in early March 2018 and that he obtained the heroin that he sold from Appellant, who is his cousin. N.T. Trial, 6/5/19, at 14-24, 34. Mercado testified that Appellant sold him the heroin on credit, and that he paid Appellant for the heroin with money that he received from his heroin sales. **Id.** at 17, 24, 57-58. Two law enforcement

agents testified that Appellant, after being given **Miranda**[2] warnings, admitted that he sold heroin to Mercado in early March 2018. N.T. Trial, 6/4/19, at 163-68, 218-22. One of the agents also testified that Appellant admitted that he arranged his heroin sales to Mercado by cell phone. **Id.** at 169-70. Appellant's admissions and Mercado's testimony that Appellant sold heroin to Mercado and Mercado's testimony that he paid Appellant from proceeds of the heroin sales are sufficient to prove dealing in proceeds of unlawful activities. **Lynch**, 242 A.3d at 344, 352-53, 380-81. Appellant's admission that he sold heroin to Mercado and set up these sales by cell phone is sufficient to prove the criminal use of a communication facility. **Moss**, 852 A.2d at 382-83. Mercado's testimony and Appellant's admissions concerning their transactions are sufficient to prove conspiracy to commit these offenses. **McClelland**, 204 A.3d at 442-43; **Kinard**, 95 A.3d at 293.[3]

---

[2] **Miranda v. Arizona**, 384 U.S. 436 (1966).

[3] The Commonwealth argues that the evidence was sufficient to support Appellant's convictions because it introduced evidence of seven or eight controlled buys of heroin from Appellant between March 9, 2018 and September 2018. Appellee's Brief at 8-10, 12; N.T. Trial, 6/4/19, at 156-62, 212-17; N.T. Trial, 6/5/19, at 27-32, 67-73. We do not agree that Appellant's convictions can be sustained on that basis. Not only is this evidence from a different time period than the charges against Appellant, the evidence concerning these post-March 9, 2018 drug sales was admitted at trial solely under Pa.R.E. 404(b)(2) to show intent, motive, absence of mistake, or common plan or scheme and not as evidence of the acts on which the charges against Appellant were based, and the jury was repeatedly so instructed. N.T. Trial, 6/3/19, at 4-6, 12-17, 48; N.T. Trial, 6/4/19, at 153-54, 185, 224-25; N.T. Trial, 6/5/19, at 68-69. Indeed, the Commonwealth represented to the
*(Footnote Continued Next Page)*

To the extent that Appellant contends that the evidence of these crimes was insufficient because the jury acquitted him of the underlying drug delivery offenses, Appellant's Brief at 7-8, that argument is without merit. Inconsistent verdicts do not render sufficient evidence insufficient or invalidate a conviction. *Commonwealth v. Moore*, 103 A.3d 1240, 1246-50 (Pa. 2014); *Commonwealth v. Williams*, __ A.3d __, __, 2023 PA Super 147, at *5-*6 (filed August 4, 2023); *Commonwealth v. Burton*, 234 A.3d 824, 829-33 (Pa. Super. 2020).[4]

Because the evidence at trial was sufficient to sustain Appellant's convictions for dealing in proceeds of unlawful activities, criminal use of a communication facility, and conspiracy to commit those offenses, Appellant's sole issue in this appeal merits no relief. We therefore affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

---

trial court that the controlled buy drug sales were the subject of other criminal charges against Appellant in a different case. N.T. Trial, 6/3/19, at 27, 38.

[4] A narrow exception to this rule exists where commission of the particular offense or offenses of which the defendant was acquitted is a statutory element of the offense of which the defendant was convicted. *Commonwealth v. Baker-Myers*, 255 A.3d 223, 229-35 (Pa. 2021). That exception has no applicability here, as neither delivery of a fentanyl nor drug delivery resulting in death is a statutory element of dealing in proceeds of unlawful activities or criminal use of a communication facility.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 8/30/2023*