J-A07044-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
:           PENNSYLVANIA
:
              v.                  :
:
:
:
CARLOS RODRIGUEZ BURGOS       :
:
           Appellant         :    No. 1220 MDA 2023

Appeal from the PCRA Order Entered June 14, 2023
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s): CP-35-CR-0001498-2021

BEFORE:    STABILE, J., SULLIVAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:           **FILED: MARCH 15, 2024**

Appellant Carlos Rodriguez Burgos files this *pro se* appeal from the order

of the Court of Common Pleas of Lackawanna County dismissing his petition

pursuant to the Post-Conviction Relief Act (PCRA).[1] We affirm.

On January 20, 2022, Appellant pled guilty to possession of a controlled

substance with intent to deliver (PWID) and possession of a firearm prohibited.

On April 13, 2022, the trial court sentenced Appellant to seven to fourteen

years' imprisonment on the PWID charge and a consecutive term of three-

and-a-half to seven years' imprisonment on the firearms charge. Appellant

filed post-sentence motions, which the trial court denied. Appellant did not

file a direct appeal.

_____

[*] Former Justice specially assigned to the Superior Court.
[1] 42 Pa.C.S.A. §§ 9541-9546.

On January 4, 2023, Appellant filed a timely *pro se* PCRA petition. The PCRA court appointed Kurt T. Lynott, Esq. to serve as Appellant's counsel. On April 3, 2023, Atty. Lynott filed a petition to withdraw along with a **Turner-Finley** no-merit letter. On May 2, 2023, the PCRA court granted Atty. Lynott permission to withdraw as counsel. On May 5, 2023, the PCRA court issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. On June 14, 2023, the PCRA court dismissed the petition.

On August 9, 2023, the PCRA court reinstated Appellant's right to file an appeal from the dismissal of his PCRA petition as Appellant had submitted a filing indicating he had not received timely notice of the PCRA court's June 14, 2023 order. On August 28, 2023, Appellant filed a timely notice of appeal. Appellant also complied with the PCRA court's order to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Appellant raises the following issues on appeal:

1. Did the trial court engage in impermiss[i]ble fact-finding when Appellant pled guilty to "Possession of a controlled substance with intent to deliver" and the court made the additional finding of the substance being Fentanyl therefore increasing the gravity score, therefore increasing the "sentencing floor" and violating the very essence of **Alleyne**?

2. Did the trial court err and find facts outside the scope of both the written plea bargain and the "understanding of the bargain by both the defendant as well as the [C]ommonwealth," denying [A]ppellant the "benefit of the bargain"[?]

3. Was trial counsel ineffective for not objecting and allowing the court to enter facts (Fentanyl) to be the basis for the elevating of the "standard range sentence"[?]

Appellant's Brief, at 5.

Our standard of review is as follows:

When reviewing the denial of a PCRA petition, we must determine whether the PCRA court's order is supported by the record and free of legal error. Generally, we are bound by a PCRA court's credibility determinations. However, with regard to a court's legal conclusions, we apply a de novo standard.

***Commonwealth v. Johnson***, 139 A.3d 1257, 1272 (Pa. 2016) (quotation marks and quotations omitted).

All of Appellant's claims are centered on his argument that the trial court imposed an illegal sentence for PWID by allegedly engaging in impermissible factfinding beyond the basis for Appellant's plea agreement to find Appellant possessed *fentanyl* with intent to deliver.

Based on our review of the record, we agree with the PCRA court's determination that this claim is meritless. The criminal information alleged that on August 9, 2021, Appellant possessed heroin/fentanyl with intent to deliver. In his signed written guilty plea agreement, which had been translated to Spanish, Appellant conceded that he possessed heroin/fentanyl with intent to deliver. At the guilty plea hearing at which Appellant was provided an interpreter, Appellant admitted on the record that he was in possession of a combination of heroin and fentanyl weighing between 50 and 100 grams and had the intention to sell, share, or deliver it. Notes of Testimony (N.T.), Plea Hearing, 1/20/22, at 5. The parties stipulated that the weight of the fentanyl mixture warranted an offense gravity score ("OGS") of 13, which resulted in a standard sentencing guideline range of 78 to 96 months. ***See*** N.T., Sentencing, 4/13/22, at 3.

- 3 -

Appellant cites to *Alleyne v. United States*, 570 U.S. 99 (2013), in which the Supreme Court of the United States held that "facts that increase the mandatory minimum sentence … must be submitted to the jury and found beyond a reasonable doubt." *Id*. at 108.

Even assuming *arguendo* that Appellant had not specifically admitted to possessing a certain amount of fentanyl with intent to deliver in his plea agreement, the holding in *Alleyne* does not apply to this case as "the fact in question does not affect the maximum sentence and the minimum sentence remains within the discretion of the sentencing court." *Commonwealth v. Williams*, 302 A.3d 117, 122 (Pa.Super. 2023) (quoting *Commonwealth v. Hopkins*, 117 A.3d 247, 262 n.5 (Pa. 2015) (noting that the trial court's "broad sentencing discretion, informed by judicial fact finding," does not implicate *Alleyne*).

In *Williams*, this Court found that the parties' stipulation to the amount of fentanyl in the defendant's possession, which increased the offense gravity score for his PWID conviction, did not need to be presented to the fact finder and proven beyond a reasonable doubt. *Williams*, 302 A.3d at 122. This Court reasoned that the weight of the fentanyl "did not change the statutory maximum or trigger a mandatory minimum[, a]nd the trial court retained discretion to impose a minimum sentence below, within, or above the guideline range." *Id.*

Similarly, in this case, while the weight of the fentanyl enhanced the guideline range of Appellant's PWID conviction through the offense gravity

score, it did not affect the maximum sentence and the minimum sentence remained within the discretion of the sentencing court. As such, **Alleyne** is inapplicable to this case.[2]

For the foregoing reasons, we affirm the order denying Appellant's PCRA petition.

Order affirmed.


Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary


Date: 3/15/2024

---

[2] To the extent Appellant phrases the same argument in terms of counsel's effectiveness, we note that "counsel cannot be deemed ineffective for failing to raise a meritless claim." **Commonwealth v. Johnson**, 289 A.3d 959, 1034 (Pa. 2023).