J-S23010-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CORNELIUS EDWARDS | : | |
| | : | |
| Appellant | : | No. 1854 EDA 2023 |

Appeal from the Judgment of Sentence Entered June 26, 2023
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0002669-2019

BEFORE: STABILE, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY STABILE, J.: **FILED OCTOBER 1, 2024**

Appellant, Cornelius Edwards, appeals from his judgment of sentence of two years' probation for medicaid fraud, tampering with public records or information and theft by deception. We affirm.

The trial court summarized the evidence as follows:

> Appellant was a licensed Behavioral Specialist Consultant. Between March of 2014 and April of 2018, [A]appellant worked for several Pennsylvania medical assistance providers and was assigned to give consulting services to children who had been diagnosed with behavioral and mental health conditions. Appellant was also simultaneously employed as a full-time employee with the City of Philadelphia Parks and Recreation.
>
> At trial, the Commonwealth presented the testimony of numerous witnesses and more than forty exhibits, which included billing and payroll records, timesheets, pay stubs, invoices, clinical files, and progress notes. Appellant presented character evidence in his defense.

---

[*] Retired Senior Judge assigned to the Superior Court.

Lauren Green, a compliance supervisor for Community Behavioral Health (CBH), an organization that manages behavioral health benefits for medical assistance recipients in Philadelphia, testified that she conducted a "target audit" of [A]ppellant's billing practices after CBH received two anonymous tips in 2016 and early 2017 alleging potential fraud by [A]ppellant. Ms. Green stated that the services provided by CBH included mobile therapy (MT), which involves on site therapeutic services to children under 21 either in their home or in the community, and behavioral special consultant services (BSC), which involve a therapist collaborating with service providers to develop a plan of care for children and young adults under the age of 21.

According to Ms. Green, [A]ppellant padded bills and overcharged CBH and other insurance providers for his services. She noted several instances in which [A]ppellant billed for two-hour sessions when, in fact, he had only provided services for one hour. Ms. Green also stated that [A]ppellant submitted some bills with insufficient documentation, thereby making it difficult to determine if he had provided any services or interventions to CBH clients. Her audit further revealed that [A]ppellant submitted bills for individual in-home services to children in different locations at the same time.

Amy Trask, director of clinical operations for the Juvenile Justice Center (JJC) in Philadelphia gave testimony regarding employee training and job duties, client encounter forms and billing practices for JJC. She also verified documents, signed by [A]ppellant, which certified the accuracy of his billing forms and his understanding that false claims would be reported and prosecuted under federal and state law. Heather Magaro, senior executive director of Merakey (formerly known as Northwestern Human Services (NHS)), similarly testified regarding employee training, patient forms, and billing practices at NHS.

Appellant provided mobile therapeutic services through both JJC and NHS. Tiffany Henry, a Philadelphia resident whose son received mobile therapy services through JJC, testified that [A]ppellant met with her son on many occasions between 2013 and July of 2016. After each meeting, [A]ppellant had Ms. Henry or another family member sign blank encounter forms. These blank forms did not list the time, date, location, or length of services. They also had no progress notations. Ms. Henry was

aware that it was improper to sign the blank forms but stated that she trusted [A]appellant to complete the forms accurately.

On July 5, 2016, [A]ppellant had a physical confrontation with Ms. Henry's son. After this incident, [A]ppellant stopped providing mobile therapy services to Henry's son. This prompted Ms. Henry to contact JJC on July 29, 2016 to report the incident and inquire about the services of a new behavioral consultant for her son. During her discussions with JJC staff, Ms. Henry recalled that [A]ppellant never met with her son for more than an hour at a time, and sometimes he was there less than an hour. This revelation contradicted the client encounter forms [A]ppellant had submitted to JJC for payment.

Finally, the Commonwealth called Misty Caleb, a Human Resources manager for the City of Philadelphia. Ms. Caleb testified that [A]ppellant was employed with the Department of Parks and Recreation during the times that he was providing mobile therapeutic services for JJC and NHS clients. According to Ms. Caleb, City employees are required to disclose other employment and are not permitted to engage in outside employment during work hours or during sick days.

After hearing all the evidence, including [A]ppellant's character testimony, the jury concluded that [A]ppellant falsified and submitted documentation for services he did not provide. The agencies for whom [A]ppellant worked submitted claims to the Medical Assistance Program, and appellant was paid based upon the records he submitted.

Trial Court Opinion, 3/1/24, at 2-4 (record citations omitted).

A jury found Appellant guilty of three counts of medicaid fraud, two counts of tampering and one count of theft by deception. The jury found Appellant not guilty of several other charges. On June 26, 2023, the court imposed sentence. Appellant timely appealed to this Court, and both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises two issues in this appeal, which we re-order for purposes of convenience:

> 1. Whether the evidence admitted at trial, and all reasonable inferences drawn from that evidence, when viewed in the light most favorable to the Commonwealth as verdict winner, was insufficient to enable the fact finder to conclude that the Commonwealth established all of the elements of the offenses beyond a reasonable doubt on all charges?
>
> 2. Whether the jury verdict was against the greater weight of evidence as a matter of law to establish [Appellant's] guilt beyond a reasonable doubt on all charges?

Appellant's Brief at 8.

Appellant argues that the evidence was insufficient to sustain his convictions. We disagree. We apply the following standards to challenges to the sufficiency of the evidence:

> We must determine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, when viewed in a light most favorable to the Commonwealth as verdict winner, support the conviction beyond a reasonable doubt. Where there is sufficient evidence to enable the trier of fact to find every element of the crime has been established beyond a reasonable doubt, the sufficiency of the evidence claim must fail.
>
> The evidence established at trial need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented. It is not within the province of this Court to re-weigh the evidence and substitute our judgment for that of the fact-finder. The Commonwealth's burden may be met by wholly circumstantial evidence and any doubt about the defendant's guilt is to be resolved by the fact[-]finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

***Commonwealth v. Williams***, 302 A.3d 117, 120 (Pa. Super. 2023).

Preliminarily, the Commonwealth argues that Appellant waived his sufficiency challenge because the notes of testimony are not included in the certified record. This claim fails because the trial court has transmitted the notes of testimony to this Court along with the certified record.

Appellant was convicted of Medicaid fraud under 62 P.S. § 1407(a)(1), (a)(4) and (a)(9), which provides:

> (a) It shall be unlawful for any person to:
>
> (1) Knowingly or intentionally present for allowance or payment any false or fraudulent claim or cost report for furnishing services or merchandise under medical assistance, or to knowingly present for allowance or payment any claim or cost report for medically unnecessary services or merchandise under medical assistance, or to knowingly submit false information, for the purpose of obtaining greater compensation than that to which he is legally entitled for furnishing services or merchandise under medical assistance, or to knowingly submit false information for the purpose of obtaining authorization for furnishing services or merchandise under medical assistance.
>
> *     *     *
>
> (4) Submit a claim for services, supplies or equipment which were not rendered to a recipient.
>
> *     *     *
>
> (9) Submit a claim for a service or item which was not rendered by the provider.

*Id.*

The trial court reasoned:

> [T]he jury found the Commonwealth's witnesses and exhibits credible. This evidence established beyond a reasonable doubt that [A]ppellant repeatedly falsified and doctored billing forms for his own pecuniary gain. Appellant had clients such as Ms. Henry sign blank client intake forms. These forms, at the time they were signed, did not list the name of the client, date or time of service,

location or services or progress notes — all things that were standard billing procedure. As a result, the client could not verify the accuracy of the information of the forms that were ultimately submitted to health care and insurance providers. This allowed [A]ppellant to overcharge for his services and obtain payment for services that were not rendered. For instance, [A]ppellant billed JJC for two-hour therapy sessions with Ms. Henry's son when, in fact, he only provided services for one hour or less. Appellant also "double billed" two or more providers for individual therapy sessions that occurred at the same time.

This pattern of conduct was a clear violation of 62 P.S. § 1407 (a)(1), (a)(4) and (a)(9), and [A]ppellant's claim that his conviction was against the … sufficiency of the evidence has no merit.

Trial Court Opinion, 3/1/24, at 7. Having reviewed the record, we agree with the trial court's analysis and conclude that the evidence satisfies the elements of Medicaid fraud under 62 P.S. § 1407(a)(1), (a)(4) and (a)(9).

Next, Appellant was convicted of theft by deception under 18 Pa.C.S.A. § 3922, which provides in relevant part:

A person is guilty of theft if he intentionally obtains or withholds property of another by deception. A person deceives if he intentionally:

(1) creates or reinforces a false impression, including value, intention or other state of mind; but deception as to a person's intention to perform a promise shall not be inferred from the fact alone that he did not subsequently perform the promise.

18 Pa.C.S. § 3922(a)(1).

The trial court reasoned:

Appellant submitted falsified information to deceive health care and insurance providers into paying him more money than he lawfully earned. In addition, [A]ppellant did so while working as a full-time employee with the City of Philadelphia Parks and Recreation. He did not properly report his outside employment to the City. Appellant's claim that the evidence did not support his conviction for theft by deception has no merit.

- 6 -

Trial Ct. Op. at 8. Having reviewed the record, we agree with the trial court's analysis and conclude that the evidence satisfies the elements of theft by deception.

Finally, Appellant was convicted of tampering with public records or information under 18 Pa.C.S.A. § 4911, which provides in relevant part:

> A person commits an offense if he: (1) knowingly makes a false entry in, or false alteration of, any record, document or thing belonging to, or received or kept by, the government for information or record, or required by law to be kept by others for information of the government …

18 Pa.C.S.A. § 4911(a)(1). The evidence discussed above demonstrates that Appellant submitted falsified client encounter forms, time sheets and billing statements, all of which constitute clear violations of Section 4911(a)(1).

For these reasons, Appellant's challenge to the sufficiency of the evidence is devoid of merit.

Next, Appellant contends that the verdict was against the weight of the evidence. The Commonwealth argues that Appellant waived this claim, and we agree. "A weight of the evidence claim must be preserved either in a post-sentence motion, by a written motion before sentencing, or orally prior to sentencing." *Commonwealth v. Rivera*, 238 A.3d 482, 497 (Pa. Super. 2020). The failure to raise a challenge to the weight of the evidence through these procedures results in waiver of the claim on appeal. *Commonwealth v. Barkman*, 295 A.3d 721, 736 (Pa. Super. 2023). Here, the record reflects that Appellant did not challenge the weight of the evidence before sentencing.

Nor did Appellant file post-sentence motions. Finally, although Appellant had the option to raise a weight claim during his sentencing hearing, *Rivera*, 238 A.3d at 497, we cannot tell whether he raised a weight claim at sentencing, because the certified record does not include a sentencing hearing transcript.[1] Since it is Appellant's burden to ensure that the certified record includes the sentencing transcript, the absence of the transcript would also constitute waiver of his weight claim had Appellant raised his claim at that time. *See Commonwealth v. Midgley*, 289 A.3d 1111, 1120 (Pa. Super. 2023) (appellants have the burden to ensure that certified record contains that which is necessary for us to properly resolve the issues raised on appeal; failure to carry out that duty results in waiver of any claim for which a needed item is absent from the certified record). Accordingly, Appellant has failed to preserve any challenge to the weight of the evidence for appeal.

For these reasons, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/1/2024

---

[1] This Court's prothonotary contacted the trial court and requested the transcript, but the trial court advised that it could not locate any transcript.