J-S02009-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALIAH SHAQU BROCKINGTON | : | |
| | : | |
| Appellant | : | No. 2766 EDA 2023 |

Appeal from the Judgment of Sentence Entered September 20, 2023
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0005518-2022

BEFORE:  LAZARUS, P.J., DUBOW, J., and McLAUGHLIN, J.

MEMORANDUM BY LAZARUS, P.J.:                    **FILED APRIL 2, 2025**

Aliah Shaqu Brockington appeals from the judgment of sentence, entered in the Court of Common Pleas of Delaware County, following a one-day bench trial after which she was convicted of summary harassment.[1]  On appeal, Brockington challenges the sufficiency of the evidence supporting her conviction.  Counsel has filed an application to withdraw from representation on appeal and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967).  After careful review, we affirm Brockington's judgment of sentence and grant counsel's petition to withdraw.

At approximately 3:00 PM on September 27, 2022, fifty-nine-year-old Dawn Woodland had returned home from the market.  ***See*** N.T. Trial, 9/20/23,

_____

[1] 18 Pa.C.S.A. § 2709(a)(1).

at 6-7. Brockington was Woodland's neighbor at the time of the instant altercation. *Id.* at 6. As Woodland walked up the steps to her home with her groceries, she was confronted by two women she did not know. *Id.* at 7. One of the women asked Woodland "what went on yesterday with [Brockington's] boyfriend with the . . . military rifle." *Id.* at 23. Woodland responded to the women by saying she did not know them. *Id.* At that point, one of the women punched Woodland in the face, and then the two women began to beat Woodland. *Id.* at 7-9. The two women then called Brockington over and she became involved in the beating. *Id.* at 10. During the assault, Woodland fell to the ground and the three women punched and kicked her and pulled her hair. *Id.* at 9, 21.[2] The altercation came to an end when some of Woodland's neighbors came out of their homes. *Id.* at 11. One of Woodland's neighbors helped her pick up her groceries and another neighbor wrote down the license plate number of the women's car. *Id.*, at 11, 16. During the altercation, Woodland's glasses were broken and she lost her earrings. *Id.* at 18-20. The cost to replace Woodland's glasses was $500.00, and the earrings totaled approximately $400.00. *Id.* at 19-20.

Brockington was charged with simple assault,[3] harassment, and disorderly conduct.[4] On September 20, 2023, following a bench trial, the trial

---

[2] The assault was captured on video by Woodland's security camera. *Id.* at 11-12.
[3] 18 Pa.C.S.A. § 2701(a)(1).
[4] 18 Pa.C.S.A. § 5503(a)(4).

court convicted Brockington of harassment. The prosecution did not proceed with the assault charge and the court acquitted Brockington of disorderly conduct. That same day the trial court sentenced Brockington to 90 days probation, with credit for time served, plus $757.13 in restitution. The court stated that it would consider terminating Brockington's probation if she left the area and had no further contact with Woodland.

Brockington filed a timely notice of appeal. On June 5, 2024, Brockington's counsel sought leave to file a *nunc pro tunc* Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, which the trial court granted. Counsel filed a *nunc pro tunc* Rule 1925(b) statement in which she expressed her belief that there were no meritorious issues for appellate review and that she intended to file an **Anders** brief along with a Motion to Withdraw. **See** Pa.R.A.P. 1925(c)(4). On September 3, 2024, counsel filed an **Anders** brief and, on September 4, 2024, counsel filed an application to withdraw in this Court. Brockington did not respond to the application to withdraw. On appeal, Brockington challenges the sufficiency of the evidence to support her summary harassment conviction.

Prior to addressing the merits of Brockington's claim, we must determine whether counsel has complied with the dictates of **Anders** and its progeny in her request to withdraw from representation. **See Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) ("this Court may not review the merits of any possible underlying issues without first

examining counsel's request to withdraw"). In order to withdraw pursuant to *Anders* and its Pennsylvania equivalent, *Commonwealth v. McClendon*, 434 A.2d 1185 (Pa. 1981), counsel must: (1) petition the Court for leave to withdraw, stating that after making a conscientious examination of the record she has determined that the appeal would be frivolous; (2) file a brief referring to anything that might arguably support the appeal, but which does not resemble a "no merit" letter or *amicus curiae* brief; and (3) furnish a copy of the brief to defendant and advise him of his right to retain new counsel, proceed *pro se*, or raise any additional points that he deems worthy of the court's attention. *Commonwealth v. Millisock*, 873 A.2d 748, 751 (Pa. Super. 2005). Further in *Commonwealth v. Santiago,* 978 A.2d 349 (Pa. 2009), the Pennsylvania Supreme Court held that in order to withdraw under *Anders*, counsel must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.* at 361.

Instantly, counsel has filed an *Anders* brief in which she states that she has examined the record and concluded the appeal is wholly frivolous. Counsel's brief identifies the sole issue that would arguably support an appeal and, pursuant to *Santiago*, explains why she believes the claim to be

- 4 -

frivolous. Finally, counsel indicates that she supplied Brockington with a copy of the brief, along with her application to withdraw and a letter explaining Brockinton's right to proceed *pro se* or with newly retained counsel, and to raise any additional issues she believes might have merit.[5] Thus, counsel has satisfied the procedural requirements for withdrawal. Accordingly, this Court must now conduct its own review of the proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous. *See Commonwealth v. Wright*, 846 A.2d 730, 736 (Pa. Super. 2004).

The following principles govern our standard of review of a challenge to the sufficiency of the evidence:

> A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. When reviewing a sufficiency claim[,] the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

*Commonwealth v. Johnson*, 180 A.3d 474, 478 (Pa. Super. 2018) (quoting *Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000)).

Further, the trier of fact, when passing upon the credibility of the witnesses is free to believe all, part, or none of the evidence.

---

[5] Brockington has not submitted any *pro se* filings to this Court.

*Commonwealth v. Palo*, 24 A.3d 1050, 1055 (Pa. Super. 2011). In reviewing a sufficiency claim, we may not re-weigh the evidence and substitute our judgment for that of the fact-finder. *Commonwealth v. Williams*, 302 A.3d 117, 120 (Pa. Super. 2023).

Here, Brockington was convicted of harassment, which is defined as follows:

> **(a) Offense defined*. --* A** person commits the crime of harassment when, with intent to harass, annoy[,] or alarm another, the person:
>
> > (1) strikes, shoves, kicks[,] or otherwise subjects the other person to physical contact, or attempts or threatens to do the same[.]

18 Pa.C.S.A. § 2709(a)(1). An offense under subsection (a)(1) is graded as a summary offense. *Id.* at § 2709(c)(1).

Here, the victim, Woodland, testified that Brockington and two other women assaulted her by beating her, kicking her, and pulling her hair. *See* N.T. Trial, 9/20/23, at 7. The assault was captured by Woodland's security camera. *Id.* at 11-12. While defense counsel argued at trial that the video depicted Brockington trying to pull one of the other attackers off of Woodland, the trial court found credible Woodland's testimony that Brockington participated in the assault with the other two women. *See id.* at 42, 47-48.

Viewing the evidence in the light most favorable to the Commonwealth as verdict winner, together with all reasonable inferences therefrom, we conclude that the fact-finder could have found that each element of section 2709(a)(1) was established beyond a reasonable doubt. *Johnson, supra;*

- 6 -

*Widmer, supra.* Moreover, having conducted our own independent review of the record, *Wright, supra*, we agree with counsel that Brockington's appeal is wholly frivolous and, therefore, that counsel should be permitted to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/2/2025