J-A03038-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT JACKSON | : | |
| | : | |
| Appellant | : | No. 324 EDA 2024 |

Appeal from the Judgment of Sentence Entered December 20, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0007373-2022

BEFORE:  STABILE, J., McLAUGHLIN, J., and LANE, J.

MEMORANDUM BY LANE, J.:                    **FILED APRIL 14, 2025**

Robert Jackson ("Jackson") appeals from the judgment of sentence imposed

following his convictions for two counts of simple assault, and one count of

possessing an instrument of crime ("PIC").[1]  We affirm.

　　　The trial court summarized the relevant factual and procedural history

as follows:

> 　　　The charges in this case stemmed from an incident on
> August 31, 2022, that involved two complaining witnesses: Mark
> Dann, Jr. ("Dann"), a "protection agent" (contracted security
> guard) for the Philadelphia Electric Company ("PECO"), and Robert
> Schlacter ("Schlacter"), a PECO revenue protection technician.
> [Jackson] was charged with two counts of aggravated assault of a
> designated individual, . . . ; two counts of PIC, . . . ; two counts
> of simple assault, . . . ; and two counts of recklessly endangering
> another person . . . ..
>
> 　　　At a bench trial held on October 18, 2023, the
> Commonwealth presented the testimony of Dann, Schlacter, and

_____

[1] **See** 18 Pa.C.S.A. §§ 2701(a), 907(a).

PECO revenue protection agent Joseph Martino ("Martino"), and introduced a video taken on Dann's body-worn camera. This evidence showed that at around 11:52 a.m. on August 31, 2022, Dann, Martino, Schlacter, and a third PECO revenue protection technician arrived at an address in the 3800 block of North 10th Street, in Philadelphia. PECO revenue protection agents' role is to check on whether utility services are being diverted; that day, the PECO crew was there to check for illegal electricity hook-ups. (They did not find any illegal hook-ups at the address that day.) Dann was an employee of another company contracted to provide security for PECO personnel.

Two of the revenue protection agents walked through the side yard to the rear of the property and began doing their work, and Martino remained in the side yard. [Jackson] and members of his family ran onto the property from across the street and approached Martino, shouting and acting aggressively. [Jackson] was using a cane, but was moving quickly. Martino testified that he tried to calm [Jackson] and explain what was happening, but [Jackson] was "yelling at them, telling us to get off his property[.]" The video confirms that [Jackson] was shouting belligerently and moving aggressively toward Martino. [Jackson] shoved Martino, then raised his cane to strike him. Dann ran up to the pair, pulled [Jackson] away from Martino, and positioned himself between [Jackson] and Martino. [Jackson] then raised his cane over his head and brought it down towards Dann's head. Dann blocked the cane with his elbow, sustaining "minor bruising."

Dann deployed his taser. [Jackson] grabbed the taser and tackled Dann, bringing him to the ground, while making verbal threats to "physically harm[]" him. [Jackson] and Dann struggled on the ground, and Dann sustained "cuts inside one of my ears . . . as well as cuts on my neck from [Jackson's] fingernails digging into me." Schlacter pulled the taser away from [Jackson] and tried to help Dann handcuff him. [Jackson] continued to struggle and pulled Schlacter to the ground, then elbowed Schlacter in the face. Schlacter sustained a "puffy eye" but no injuries that required medical attention.

In assessing the evidence, this court found that the Commonwealth's three witnesses testified credibly and consistently with one another. The video evidence did not confirm every aspect of the testimony; the recording did not begin until after [Jackson] had entered the property, and most of the relevant

actions were not in camera range. Nothing in the video contradicted the testimony, however, and the recording did confirm key facts, including that [Jackson] initiated physical contact by chasing and hitting Martino; that although [Jackson] was elderly and walking with difficulty, he was moving quickly and aggressively; that, if [Jackson] did tell Martino to leave his property (the yelling on the recording is incomprehensible), he did not give him a chance to leave before attacking him; and that [Jackson] made motions to raise his cane when encountering Dann (although the cane's trajectory was out of camera range).

After the Commonwealth's case closed, this court granted [Jackson's] motion for judgment of acquittal on the aggravated assault charges, counts [one] and [five. Jackson] then testified on his own behalf. He stated that he owned the property where he encountered the PECO agents, as well as the property across the street. He testified that he saw the PECO trucks arrive and waited across the street, giving the PECO employees "[an ample] amount of time to see that . . . we wasn't stealing the electric." When "[t]hey had enough time," [Jackson] said, he told them to vacate his property. [Jackson] denied that he had swung his cane or touched anyone; "why would I put my hands on somebody if I don't have no reason to?" "I was the person being aggravated, assaulted."

In closing arguments, [Jackson's] counsel argued that the body-worn camera video did not show [Jackson] hitting or swinging at anyone. [Jackson's] counsel did not argue that [Jackson's] actions were justified self[-]defense or defense of property.

This court found [Jackson] guilty of one count of PIC (count [six], the count relating to Dann)[,] and both counts of simple assault (count [three,] relating to Schlacter, and count [seven,] relating to Dann). It found [Jackson] not guilty of the other charges. On December 20, 2023, this court sentenced [Jackson] to two years of probation on each count, to be served concurrently.

Trial Court Opinion, 5/28/24, at 1-5 (unnecessary capitalization and citations omitted).[2]

Jackson filed a timely notice of appeal. Both Jackson and the trial court complied with Pa.R.A.P. 1925.

Jackson presents the following issues for our review:

1. Was the evidence insufficient to establish that [Jackson] committed simple assault against [Dann] because [he] was the initial aggressor, or against [Schlacter] because there was insufficient evidence of *mens rea*?

2. Was the evidence insufficient to establish that [Jackson] was guilty of possessing an instrument of crime where the object at issue, a cane he used for walking, was not an instrument of crime as defined under 18 Pa.C.S.A. § 907?

Jackson's Brief at 8-9 (issues reordered for ease of disposition).

Both of Jackson's issues challenge the sufficiency of the evidence supporting his convictions. We apply the following standards to challenges to the sufficiency of the evidence:

We must determine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, when viewed in a light most favorable to the Commonwealth as verdict winner, support the conviction beyond a reasonable doubt. Where there is sufficient evidence to enable the trier of fact to find every element of the crime has been established beyond a reasonable doubt, the sufficiency of the evidence claim must fail.

The evidence established at trial need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented. It is not within the

_____

[2] For ease of review, when quoting the trial court's opinion, we have shortened the trial court's references of "Mr. Dann" to "Dann," "Mr. Schlacter" to "Schlacter," and "Mr. Martino" to Martino.

- 4 -

province of this Court to re-weigh the evidence and substitute our judgment for that of the fact-finder. The Commonwealth's burden may be met by wholly circumstantial evidence and any doubt about the defendant's guilt is to be resolved by the fact[-]finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

*Commonwealth v. Williams*, 302 A.3d 117, 120 (Pa. Super. 2023).

Pennsylvania law defines simple assault as "attempt[ing] to cause or intentionally, knowingly or recklessly caus[ing] bodily injury to another." 18 Pa.C.S.A. § 2701(a)(1). Bodily injury is any "impairment of physical condition or substantial pain." 18 Pa.C.S.A. § 2301. The *mens rea* of recklessness for simple assault requires that the defendant consciously disregarded a substantial and unjustifiable risk that his conduct would cause bodily injury. *See* 18 Pa.C.S.A. § 302(b)(3).

"The Commonwealth need not establish that the victim actually suffered bodily injury; rather, it is sufficient to support a conviction if the Commonwealth establishes an attempt to inflict bodily injury." *Commonwealth v. Wroten*, 257 A.3d 734, 743-44 (Pa. Super. 2021) (citation omitted); *see also Commonwealth v. Davison*, 177 A.3d 955, 959 (Pa. Super. 2018) (finding that evidence of bruising from physical attack proves defendant caused bodily injury). "This intent may be shown by circumstances which reasonably suggest that a defendant intended to cause injury." *Wroten*, 257 A.3d at 744 (citation omitted).

In his first issue, Jackson argues that the evidence was insufficient to establish that he committed simple assault against Dann and Schlacter. First, with respect to Dann, Jackson claims the evidence was insufficient because: (1) "Dann was the initial aggressor and failed to establish that he had the right to act in any sort of capacity as a security guard;" and (2) "[a]ny force [Jackson] used against Dann and any attempts to get the taser away from him were entirely justified." Jackson's Brief at 25-26.

In its opinion, the trial court explained that Jackson's argument as to self-defense is waived on appeal because he failed to raise or argue it at trial. *See* Trial Court Opinion, 5/28/24, at 9.

We agree. The entirety of Jackson's argument on appeal centers on a claim that he was entitled to use force against Dann to defend himself because Dann was the initial aggressor. Our review of the record shows that Jackson did not raise a self-defense claim, or argue at trial that his use of force against Dann was justified because Dann was the initial aggressor. Therefore, he has waived it for appeal. *See Commonwealth v. Butler*, 647 A.2d 928 (Pa. Super. 1994) (explaining that where an appellant did not raise the issue of self-defense at trial, the Commonwealth had no burden to disprove it, and appellant may not raise it for the first time on appeal); *see also* Pa.R.A.P. 302(a) (explaining that issues not raised in the trial court are waived on

appeal).[3]  Accordingly, as Jackson has raised no other basis for his claim that his simple assault conviction as to Dann went unproven at trial, we do not disturb that conviction.

Next, with respect to Schlacter, Jackson argues the evidence was insufficient to establish his *mens rea* for simple assault.  He maintains that "[Schlacter was] struck in the face with an elbow or a forearm while placing [Jackson] in a headlock and attempting to restrain him."  Jackson's Brief at 25-26.  Furthermore, Jackson avers that the trial court "[did] not address [his] actions towards Schlacter separately."  *Id*. at 26.

---

[3] In any event, even if Jackson had properly raised and presented a claim of self-defense at trial, he has not supported this argument with citation to or discussion of pertinent legal authority.  *See* Pa.R.A.P. 2119(a) (stating: "The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part . . . the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent").  The sole case cited by Jackson in relation to his simple assault conviction as to Dann is **Commonwealth v. Wertelet**, 696 A.2d 206 (Pa. Super. 1997).  In **Wertelet**, this Court found the arrest of the defendant, for interfering with the telephone company's repair of wire on her property, was unlawful and thereby precluded her conviction for **resisting arrest**.  **See id**. at 209.  This Court reasoned that the underlying arrest must be lawful for a charge of resisting arrest.  **See id**.  Additionally, this Court specifically stated that, although an unlawful arrest will defeat a charge of resisting arrest, it will not preclude a conviction for any other offense committed while resisting the arrest.  **See id**. at 210.  Here, Jackson was not charged with or convicted of resisting arrest, and thus **Wertelet** is inapposite and offers him no relief.  Thus, we would have found waiver due to his lack of development.  **See Commonwealth v. Perez**, 93 A.3d 829, 838 (Pa. 2014) (holding that "to the extent appellant's claims fail to contain developed argument or citation to supporting authorities and the record, they are waived").

The trial court reasoned that the Commonwealth presented sufficient evidence that Jackson committed simple assault against Schlacter, and concluded that:

> Here, [Jackson] swung his cane at Dann's head with enough force to bruise his arm, knocked him to the ground, and dug his fingernails into his neck, leaving cuts. ***He elbowed Schlacter in the face hard enough to make Schlacter's eye swell up. While [Schlacter did not require] medical attention, [his] injuries [met] the definition of "bodily injury" set forth in 18 Pa.[]C.S.A. § 2301*** . . .. More importantly, the forceful blows that [Jackson] landed, along with his attempt to hit Martino with his cane, his angry yelling, and his threats to physically harm Dann, demonstrate that he was attempting to cause bodily injury. . . . Here, this court properly inferred from [Jackson's] actions that he intended to cause substantial pain and physical impairment to . . . Schlacter.

Trial Court Opinion, 5/28/24, at 7-8 (unnecessary capitalization and citations omitted).

Viewing the evidence in the light most favorable to the Commonwealth, and giving it all reasonable inferences as verdict winner, we conclude that the record supports the trial court's determination that the evidence was sufficient to prove Jackson's simple assault conviction as to Schlacter. ***Williams***, 302 A.3d at 120. The trial court found that the Commonwealth's witnesses testified credibly and consistently with one another. ***See id***. Here, the Commonwealth's evidence demonstrated Jackson's total disregard for a foreseeable and unjustifiable risk of bodily injury when he: (1) swung his cane at Dann's head; (2) disarmed Dann of his taser; and (3) then struggled with Schlacter who interceded, as both men attempted to handcuff him. ***See*** 18

Pa.C.S.A. § 302(b)(3). During the struggle, Jackson elbowed Schlacter in the eye, causing the area around it to swell. **See Wroten**, 257 A.3d at 743-44. This evidence was sufficient for the trial court to find that Jackson possessed the requisite *mens rea* and acted intentionally under the circumstances when he struck and injured Schlacter. **See id**. Thus, Jackson's first issue is without merit.

In his second issue, Jackson challenges the sufficiency of the evidence to support his conviction for PIC. A person is guilty of PIC when "he possesses any instrument of crime with the intent to employ it criminally." 18 Pa.C.S.A. § 907(a). An instrument of crime is defined as: "(1) anything specially made or specially adapted for criminal use[; or] (2) anything used for criminal purposes and possessed by the actor under circumstances not manifestly appropriate for lawful uses it may have." 18 Pa.C.S.A. § 907(d)(1)-(2). An object may be an instrument of crime if it is used toward a criminal end, even if the object is not commonly used for criminal purposes. **See Commonwealth v. Magliocco**, 883 A.2d 479, 487 89 (Pa. 2005) (concluding that a PIC conviction was appropriate where the defendant swung a baseball bat at two young girls even without a showing that a baseball bat is commonly used for criminal purposes).

Jackson argues that the evidence was insufficient to sustain his conviction for PIC because: (1) his cane was not possessed by him under circumstances that were not manifestly inappropriate for its lawful use; and

(2) he used the cane to help him walk and did not possess or use it within the statutory definition of an instrument of crime when it was alleged that he used it to hit someone. Jackson contends that the trial court failed to properly assess all the elements of the PIC offense.

With respect to Jackson's claim that the Commonwealth did not present sufficient evidence for his PIC conviction, the trial court determined that the claim was meritless, noting that: "[w]hile there was evidence that [Jackson] used the cane for walking, there is no doubt that the during the encounter with the PECO personnel, he intentionally used it to inflict physical harm." Trial Court Opinion, 5/28/24, at 9.

Following our review, we conclude the evidence, when viewed in the light most favorable to the Commonwealth as the verdict-winner, is sufficient to sustain Jackson's conviction for PIC. While Jackson's cane may have had a lawful use, such as helping in walking, the Commonwealth's credible evidence showed that when he raised it over his head and struck Dann — he possessed it and intended to — and did — use it criminally. *See Magliocco*, 883 A.2d at 487 89; *see also* 18 Pa.C.S.A. § 907(d)(2). Thus, Jackson's second issue fails. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/14/2025