J-S35004-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JALLIL ELLMAN | : | |
| | : | |
| Appellant | : | No. 155 MDA 2024 |

Appeal from the Judgment of Sentence Entered October 19, 2023
In the Court of Common Pleas of Lycoming County
Criminal Division at No(s):  CP-41-CR-0000176-2023

BEFORE:  PANELLA, P.J.E., MURRAY, J., and KING, J.

MEMORANDUM BY PANELLA, P.J.E.:          **FILED DECEMBER 16, 2024**

Jallil Ellman appeals from the judgment of sentence entered in the Lycoming County Court of Common Pleas on October 19, 2023. On appeal, Ellman challenges the sufficiency of the evidence, as well as the trial court's admission of video evidence. After careful review, we affirm.

While monitoring Ellman on state parole, State Parole Agent Robert Marzzacco received an email from the Department of Corrections ("DOC") which included screenshots of a videotaped FaceTime call involving Ellman. Specifically, Ellman was observed on a recording of a video call with an inmate at a state correctional facility weighing and packaging a substance that resembled marijuana. Based on that information, Agent Marzzacco formed a group to go search Ellman's residence.

Detective Michael Caschera, employed with the Lycoming County Narcotics Enforcement Unit, testified that on September 28, 2022, he was contacted by State Parole Agent Lamay[1] with information regarding Ellman. Based on the conditions of state probation and the probable cause established by the above referenced video screenshots, an official state parole search of Ellman's residence was conducted. While searching the residence, Agent Lamay located in plain view in Ellman's room, a large amount of loose marijuana, a grocery bag full of prepackaged marijuana and digital scales. Based on those findings, the agents ceased the parole search and notified the Narcotics Enforcement Unit.

Detective Caschera immediately applied for, received, and executed a search warrant on the residence. That search resulted in the seizure of the following items from Ellman's room: a sandwich bag of marijuana, a digital scale with marijuana residue, 9 individually packed bags of marijuana, and a jar containing numerous MDMA/methamphetamine pills, approximately 30. A roll of fake prescription labels was also found during the search. The location of where the prescription labels were found was disputed at trial.

_____

[1] Agent Lamay did not testify at trial and his full name is never indicated. A review of the record indicates that Agents Lamay and Marzzacco both work for the state parole agency, and that both agents were present for the parole search of Ellman's residence. Only Agent Lamay's name appears in the affidavit of probable cause used to support the search warrant obtained by Detective Caschera.

On June 8, 2023, following a jury trial, Ellman was found guilty of possession with intent to deliver ("PWID")—methamphetamines, and possession of methamphetamine.

On October 19, 2023, the trial court sentenced Ellman to 28 months to 7 years' incarceration. The possession charge merged with the PWID charge for sentencing purposes. Ellman filed post-sentence motions, including a motion for a new trial, and a motion to arrest judgment. Following a hearing, the trial court denied the motions. This timely appeal followed.

Ellman raises the following issues on appeal:

1. Was evidence insufficient to prove [Ellman] guilty beyond a reasonable doubt of [PWID—]controlled substance because the Commonwealth did not prove that the substance was intended for delivery and there was evidence seized in another occupant's bedroom?

2. Did the trial court err in allowing the Commonwealth to present evidence of marijuana possessed by [Ellman] over the objection of the defense when the court had denied the Commonwealth's motion to amend the criminal information to add [PWID—] Marijuana?

3. Did the trial court err in allowing the Commonwealth to play recorded SCI video calls over the objection of the defense when those calls were not sufficiently authenticated?

Appellant's Brief, at 7-8.

In his first issue on appeal, Ellman argues the Commonwealth produced insufficient evidence to support his PWID conviction. When determining if evidence is sufficient to sustain a conviction, our standard of review is well-settled:

A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

**Commonwealth v. Kendricks**, 30 A.3d 499, 508 (Pa. Super. 2011) (citation omitted).

The evidence established at trial need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented. It is not within the province of this Court to re-weigh the evidence and substitute our judgment for that of the fact-finder. The Commonwealth's burden may be met by wholly circumstantial evidence and any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

**Commonwealth v. Williams**, 302 A.3d 117, 120 (Pa. Super. 2023) (citation omitted).

The Controlled Substance, Drug, Device and Cosmetic Act prohibits the possession of controlled substances by an unlicensed person with the intent to deliver the substances to another person. **See** 35 P.S. § 780-113(a)(30). To sustain a conviction for possession with intent to deliver a controlled substance "all of the facts and circumstances surrounding the possession are relevant and the elements of the crime may be established by circumstantial

- 4 -

evidence." ***Commonwealth v. Little***, 879 A.2d 293, 297 (Pa. Super. 2005) (citation omitted).

In his issue statement, Ellman purports to challenge the sufficiency of the evidence based on the Commonwealth's failure to prove he intended to distribute the methamphetamine and the fact that evidence was found in another individual's bedroom. However, in the argument section for this issue, Ellman only includes argument related to the second contention—that evidence was seized in another individual's bedroom. As such, we limit our analysis to that assertion, and find any argument related to the element of distribution has been waived.

To sustain Ellman's conviction for PWID, the Commonwealth had to prove he possessed a controlled substance and that he had the intent to deliver the controlled substance. ***See Commonwealth v. Estepp***, 17 A.3d 939, 944 (Pa. Super. 2011).

In asserting the evidence was insufficient, Ellman focuses exclusively on testimony elicited during cross examination of Detective Caschera, that a roll of fake prescription labels was seized in another individual's bedroom, named "Wylie," rather than in Ellman's bedroom, as Detective Caschera had previously testified. ***See*** Appellant's Brief, at 14. Notably, Ellman does not assert that all of the evidence was found in another individual's room; only that the roll of labels was found in another room.

Here, Detective Caschera testified approximately 41 methamphetamine pills were found in Ellman's room along with a digital scale, and individually packaged bags of marijuana. *See* N.T., Jury Trial, 6/8/23, at 53. Further, Detective Caschera testified the number of pills found is consistent with an individual that is dealing methamphetamines. *See id.* at 61.

This testimony was sufficient to allow the jury to infer Ellman possessed the methamphetamine with an intent to deliver. Accordingly, even without the roll of prescription labels, the testimony was still sufficient to sustain Ellman's conviction for PWID. Ellman's first issue is without merit.

Ellman's next two issues involve the Commonwealth's playing for the jury a video recording of a FaceTime call with an inmate in the state prison system, depicting Ellman packaging marijuana.

In his second issue, Ellman asserts the trial court erred in allowing the Commonwealth to present the evidence of marijuana possessed by Ellman because the court denied the Commonwealth's motion to amend the criminal information to add a charge for PWID of marijuana. He therefore argues the evidence of marijuana was overly prejudicial and irrelevant. In his third issue, Ellman asserts the trial court further erred in allowing the Commonwealth to play the video because the calls were not sufficiently authenticated.

As an initial matter, we must address the deficiencies in Ellman's appellate brief with regard to these issues. Every appellate brief must conform to the fundamental requirements of the rules of appellate procedure. ***See***

*Commonwealth v. Perez*, 93 A.3d 829, 837 (Pa. 2014). Consequently, an appellant's claims are waived if they fail to contain developed argument or citation to supporting authorities and the record. *See Branch Banking and Trust v. Gesiorski*, 904 A.2d 939, 942-43 (Pa. Super. 2006).

Ellman fails to cite to any authority in support of his final two issues, let alone any pertinent authority, in violation of Pa.R.A.P. Rule 2119. While he states some general legal principals, he does so without any citation for them. The brief does not adequately give us cases that contain facts related to Ellman's particular issues. As such, his arguments are no more than undeveloped assertions. *See Lackner v. Glosser*, 892 A.2d 21, 29 (Pa. Super. 2006) ("[A]rguments which are not properly developed are waived.") (citation omitted).

Moreover, he fails to reference any part of the certified record for his arguments. A brief must provide citation to the record when "reference is made to the pleadings, evidence, charge, opinion or order, or any other matter appearing in the record[.]" Pa.R.A.P., Rule 2119(c). In his brief, Ellman alludes to evidence presented, and other matters appearing in the record, but the brief fails to provide any citation to the record. It is not our job to act as counsel for an appellant and comb through the record. *See Commonwealth v. Beshore*, 916 A.2d 1128, 1140 (Pa. Super. 2007) (making it clear that we "shall not develop an argument for [an appellant], nor shall we scour the record to find evidence to support an argument[.]").

Although we could find his issues waived for his failure to develop them on appeal, to the degree we can understand Ellman's challenges to the court's evidentiary ruling, we find his contentions without merit.

Our standard of review for the admission of evidence is well-settled:

> The admission of evidence is solely within the discretion of the trial court, and a trial court's evidentiary rulings will be reversed on appeal only upon an abuse of that discretion. An abuse of discretion will not be found based on a mere error of judgment, but rather occurs where the court has reached a conclusion that overrides or misapplies the law, or where the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

> To constitute reversible error, an evidentiary ruling must not only be erroneous, but also harmful or prejudicial to the complaining party. [A]n evidentiary error of the trial court will be deemed harmless on appeal where the appellate court is convinced, beyond a reasonable doubt, that the error could not have contributed to the verdict.

*Commonwealth v. Manivannan*, 186 A.3d 472, 479-80 (Pa. Super. 2018) (citations and internal quotation marks omitted).

Immediately prior to the start of trial, outside the presence of the jury, the court addressed an oral motion that had been made by the Commonwealth in chambers that morning to amend the information to include charges for PWID—marijuana, possession of marijuana, and possession of paraphernalia. *See* N.T., Jury Trial, 6/8/23, at 2. The court denied the request due to its last-minute presentation, and informal nature. *See id.* at 2-3 (stating the request should have been made well before, as there was no written motion, and no

ruling by a magistrate regarding prima facie evidence; but wondering why those charges were not charged earlier based on the evidence).

Defense counsel then put his argument on the record regarding a last-minute motion to suppress that the court had also denied in chambers that morning. The suppression motion was based on 2 videos, as indicated above, that gave rise to reasonable suspicion for parole agents to search Ellman's residence, which ultimately led to the search by the Narcotics Enforcement Unit. *See id.* at 8-9. Defense counsel argued the videos were stale, as they were time-stamped approximately 2 weeks prior to the searches.

Defense counsel then put his argument on the record regarding a motion in limine to preclude the videos allegedly showing Ellman packaging marijuana. *See id.* at 16. Counsel argued the videos were inherently prejudicial because they depicted an inmate in a state correctional facility; due to the denial of the motion to amend, there were no charges regarding marijuana; and there was no testing done to prove what the substance was or if the substance in the video was the same as the substance found during the search. *See id.* Accordingly, counsel argued the probative value of the videos was outweighed by their prejudicial effect.

The court concluded that the information seen on the videos led to the search that led to the charges being filed in this case; as such the video evidence was relevant as part of the story of the case. *See id.* at 17. The court noted the defense objection on the record.

The Commonwealth played the videos during direct examination of Agent Marzzacco. The defense reiterated its prior objection to the videos, and further objected on the basis that the videos were not properly authenticated, since the witness was not on the call and the video were given to the witnesses by a third party. *See id.* at 38.

The Commonwealth argued the videos were properly authenticated because Agent Marzzacco is familiar with and watched the videos and the individual with whom the call was with is incarcerated. *See id.* at 38-39. Agent Marzzacco clarified that they obtained the videos from the DOC and he was satisfied the videos were a FaceTime chat provided by the DOC. *See id.* at 39. The court overruled the objection and proceeded with the viewing of the videos. *See id.*

Ellman argues "the evidence regarding marijuana was not relevant, and that even if it was relevant, it caused unfair prejudice and potential confusion of the issues to the jury" because his charges only involved Methamphetamines, and the jury was allowed to hear evidence regarding a different controlled substance, marijuana.

A court may exclude evidence if the probative value is outweighed by the danger of unfair prejudice. *See* Pa.R.E. 403. However, "[e]vidence is not unfairly prejudicial simply because it is harmful to the defendant's case." *Commonwealth v. Page*, 965 A.2d 1212, 1220 (Pa. Super. 2009) (citation omitted). Our Supreme Court has stated a trial court is not "required to

sanitize the trial to eliminate all unpleasant facts from the jury's consideration where those facts are relevant to the issues at hand and form part of the history and natural development of the events and offenses for which the defendant is charged[.]" **Commonwealth v. Lark**, 543 A.2d 491, 501 (Pa. 1988); **see also Page**, 965 A.2d at 1220. Exclusion of evidence on the grounds it is prejudicial "is limited to evidence so prejudicial that it would inflame the jury to make a decision based upon something other than the legal propositions relevant to the case." **Commonwealth v. Foley**, 38 A.3d 882, 891 (Pa. Super. 2012) (citation omitted).

Here, the content of the videos, while indisputably prejudicial and unflattering to Ellman, was clearly relevant to the case. The videos are what led to the parole search, which led to the search warrant, which led to the seizure of numerous items supporting the charges brought against Ellman. This evidence was inherent and probative to the story and development of the case. Therefore, Ellman is due no relief on this issue.

Finally, Ellman argues it was error to allow the Commonwealth to play the videos because they were not properly authenticated.[2]

---

[2] In the middle of his brief argument for this issue, Ellman asserts the recordings entered into evidence are not "digital evidence" as envisioned by Rule 901(B)(11), but rather should have been subject to normal authentication requirements for videos under Rule 901. Other than this bold assertion, Ellman provides no citation to pertinent authority for this contention, nor does he provide any meaningful discussion. Accordingly, we find this contention waived for failure to develop it.

Pennsylvania Rule of Evidence 901 governs the authentication of evidence, requiring authentication prior to the admission of electronic evidence. *See Commonwealth v. Murray*, 174 A.3d 1147, 1156 (Pa. Super. 2017). Generally, authentication requires a low burden of proof:

The proponent of the evidence must introduce sufficient evidence that the matter is what it purports to be. Testimony of a witness with personal knowledge that a matter is what it is claimed to be can be sufficient. Evidence that cannot be authenticated by a knowledgeable person, pursuant to [Pa.R.E. 901(b)(1)], may be authenticated by other parts of [Pa.R.E. 901(b)], including circumstantial evidence pursuant to [Pa.R.E. 901(b)(4)].

*Commonwealth v. Mangel*, 181 A.3d 1154, 1160 (Pa. Super. 2018) (citations and footnote omitted).

Rule 901 has been amended to address digital evidence, providing as follows:

(11) Digital Evidence. To connect digital evidence with a person or entity:

(A) direct evidence such as testimony of a person with personal knowledge; or

(B) circumstantial evidence such as:

(i) identifying content; or

(ii) proof of ownership, possession, control, or access to a device or account at the relevant time when corroborated by circumstances indicating authorship.

Pa.R.E. 901(b)(11). Further, the comments to Rule 901 explain "[t]he proponent of digital evidence is not required to prove that no one else could be the author. Rather, the proponent must produce sufficient evidence to

- 12 -

support a finding that a particular person or entity was the author." Pa.R.E. 901 cmt. "Circumstantial evidence of ownership, possession, control, or access to a device or account alone is insufficient for authentication [but such evidence may be enough] in combination with other evidence of the author's identity." *Id.*

Based upon our review of the record, we agree with the trial court that the videos were properly authenticated because there was sufficient circumstantial evidence linking the videos received by email to the DOC. Agent Marzzacco testified to the content of the videos and specifically identified Ellman, as well as the inmate in the videos. The trial court, in order to ensure enough information was placed on the record to support the videos being entered into the record, ordered that Agent Marzzacco be recalled to discuss how he obtained the videos. Agent Marzzacco was thoroughly questioned on this topic and provided sufficient testimony as to how he obtained the videos. *See* N.T., Jury Trial, 6/8/23, at 81-99. Specifically, Agent Marzzacco explained that he obtained the videos through a "dot gov" email account, *see id.* at 95, associated with the State Parole's intelligence agency, which monitors this type of activity, i.e. video calls with inmates. *See id.* at 88. Agent Marzzacco stated unequivocally that the videos were provided by their intelligence unit, and that they had obtained the video by supervising the correctional institution. *See id.* at 95. Accordingly, we conclude the trial court did not abuse its discretion and Ellman is entitled to no relief on this issue.

As we find Ellman is due no relief on any of his issues, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/16/2024