J-A06043-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JERMAINE SAMUEL | : | |
| | : | |
| Appellant | : | No. 282 WDA 2025 |

Appeal from the PCRA Order Entered February 20, 2025
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0002674-2011

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JERMAINE SAMUEL | : | |
| | : | |
| Appellant | : | No. 522 WDA 2025 |

Appeal from the PCRA Order Entered February 20, 2025
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0000667-2012

BEFORE:  OLSON, J., MURRAY, J., and BECK, J.

MEMORANDUM BY BECK, J.:                    **FILED: June 9, 2026**

Jermaine Samuel ("Samuel") appeals pro se from the order entered by the Blair County Court of Common Pleas dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA").[1]  Because we conclude that his claims either lack merit or are untimely, we affirm.

---

[1]  42 Pa.C.S. §§ 9541-9546.

A prior panel of this Court set forth the facts of this case as follows:

The case began as a result of an investigation by the Office of the Attorney General of Pennsylvania into an operation in which [Samuel] and multiple other people conspired to bring large quantities of cocaine from Baltimore, Maryland to Pennsylvania for distribution in Altoona. The investigation included the use of confidential informants and multiple means of electronic surveillance, including body wires on the confidential informants and wiretaps and pen registers on at least four telephone numbers. The investigation resulted in 12 arrests. During his week-long trial, the evidence established that [Samuel] coordinated and received quantities of cocaine from Maryland, warehoused them in an office above a bar in Altoona, cut the drugs and repackaged them for sale to particular street-level dealers. [Samuel] was convicted of numerous counts of possession with intent to deliver [("PWID")] narcotics, criminal use of a communication facility, dealing in unlawful proceeds and corrupt organizations and sentenced to an aggregate term of 46½ to 103 years of incarceration.

This Court affirmed [Samuel]'s judgment of sentence by opinion entered on October 17, 2014. On March 22, 2016, our Supreme Court denied further review.

*    *    *

[Samuel] filed a timely PCRA petition on May 3, 2016. The PCRA court granted relief on the PCRA petition on the issue of sentencing, and denied relief on issues pertaining to ineffective assistance of counsel. The Commonwealth appealed the sentencing decision but ultimately discontinued the appeal.

The trial court re-sentenced [Appellant] on June 24, 2020 [to twenty to forty years in prison, plus costs and fines]. Following resentencing, PCRA counsel filed a timely notice of appeal as well as a motion to withdraw as counsel. Her withdrawal as counsel was permitted on September 18, 2020, and following a *Grazier*[2] hearing on January 25, 2021, [Samuel] received permission to represent himself pro se. On January 25, 2021, while [Samuel]'s direct appeal from his June 2020 sentence was pending and upon

---

[2] ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).

[his] pro se request to "amend the appeal filed by his previous counsel," the trial court entered an order instructing [Samuel] to ask this Court for a remand of the matter because it "believed it had lost jurisdiction and could not rule on [Samuel]'s request to amend and that [he] must request this Court to remand this case for the trial court's consideration." In a motion to withdraw the appeal filed on March 11, 2021, [Samuel] instead asked the Superior Court to withdraw his appeal in its entirety.

[Samuel] filed various pro se motions following the discontinuance of his appeal, including a motion for compassionate release due to Coronavirus, filed February 8, 2021; an amended post-trial motion filed May 26, 2021; and, a motion for judgment of acquittal, filed July 9, 2021. The PCRA court treated the latter two motions as petitions filed under the PCRA and convened a hearing on these submissions on October 20, 2021, wherein [Samuel] appeared pro se.

Although the trial court treated [Samuel]'s May 26, 2021 and July 9, 2021 filings as pro se petitions under the PCRA, it nonetheless concluded that the claims advanced in these submissions were time-barred because they challenged the substantive merits of [his] convictions, not his newly-imposed sentence, and he filed these claims more than one year after his original judgment of sentence became final. …

*Commonwealth v. Samuel*, 173 & 174 WDA 2022, 2023 WL 1980864, at

*1-2 (Pa. Super. Feb. 14, 2023) (non-precedential decision) (cleaned up).

Samuel timely appealed pro se to this Court and argued, inter alia, that

the PCRA court erred in failing to appoint counsel to represent him. *Id.* at *3.

We agreed and explained:

[Samuel]'s newly-imposed judgment of sentence became final when he discontinued his direct appeal following resentencing on March 11, 2021. As such, the submissions [Samuel] subsequently filed on May 26, 2021 and July 9, 2021, qualified as PCRA petitions and represented his first opportunity to assert collateral challenges to his newly-imposed sentence. [Samuel] was thus entitled, under Pa.R.Crim.P. 904(C), to the appointment of counsel at that stage of the newly-initiated collateral

- 3 -

proceeding. Because [Samuel] was entitled to a separate, rule-based appointment of PCRA counsel under Rule 904(C), regardless of whether [his] collateral claims were timely, and because the court failed to vindicate that right (or confirm a valid waiver of that right), we are constrained to vacate the order denying relief on January 19, 2022.

*Id.* at *5 (citations omitted). We noted, however, that if Samuel chose to raise "claims challenging [his] underlying convictions, the petition will need to plead and prove the application of an exception to the PCRA's one-year time bar since those claims are now untimely and [his] newly-imposed sentence did not restart the clock on challenges to the merits of [his] convictions." *Id.* at *4. Accordingly, we vacated the order denying Samuel PCRA relief and remanded the case for the appointment of counsel. *Id.*

The PCRA court appointed counsel to represent Samuel on December 1, 2023 and scheduled a hearing on his request for relief for June 5, 2024. That hearing was subsequently continued to June 28, 2024, following the withdrawal of his appointed attorney and the substitution of a lawyer from the Office of the Public Defender. Despite his earlier protestations, Samuel requested and received permission to represent himself before the PCRA court pursuant to *Commonwealth v. Robinson*, 970 A.2d 455 (Pa. Super. 2009) (en banc).[3]

---

[3]   "[I]f a PCRA defendant indicates a desire to represent himself, it is incumbent upon the PCRA court to elicit information from the defendant that he understands the items outlined in Pa.R.Crim.P. 121(A)(2)(a), (d), (e), and (f). *Robinson*, 970 A.2d at 459-60. A court must explain to a defendant that
*(Footnote Continued Next Page)*

Following the submission of numerous pro se filings, which the PCRA court dismissed, the court ordered Samuel to file an amended PCRA petition, and Samuel complied on November 6, 2024. The Commonwealth filed a response to Samuel's amended petition, and Samuel thereafter filed a reply to the Commonwealth's filing.

On February 20, 2025, the PCRA court denied Samuel's PCRA petition. Samuel timely appealed to this Court. He presents the following issues for review:

> 1. Did the [trial] court abuse its discretion, commit an error of law, and violate [Samuel]'s constitutional rights under Pa. Const. Art. I, Sec. 9 & 19; U.S. Const. Amend. 5, 6, & 14, the right to a fair and impartial trial, due process, and double jeopardy when imposing an illegal & unconstitutional sentence?
>
> 2. Did the PCRA court err when it was clear that [Samuel]'s rights pursuant to Pa. Const. Art. I, Sec. 9, and U.S. Const. Amend. 6 & 14 were violated by failure to give specific notice of the charges. Moreover, did the court fail to ensure that double jeopardy was not implicated when the trial court was without subject matter jurisdiction based on fatal defects in the bill of information that in that it failed to give specific facts of the allegations for the purposes of sentencing?
>
> 3. Did the PCRA court err and abuse its discretion when it failed to find that the Commonwealth violated numerous sections of the multi-county investigating grand jury statute and proceed with a lack of subject matter jurisdiction? Moreover, did the court fail to

---

he has the right to counsel, in accordance with (a), that he is bound by the rules as outlined in (d), and that he may lose rights, as indicated in (f). **Id.** at 460. Subsection (e) must be appropriately tailored so that a defendant is informed that "there are possible defenses to these charges that counsel might be aware of, and if these defenses are not raised in a PCRA petition, they may be lost permanently." **Id.**

- 5 -

see that [Samuel] did meet the timeliness exception to the PCRA statute?

4.     Did the [trial] court err and abuse its discretion, and violate [Samuel]'s rights pursuant to Pa. Const. Article(s) I, Sec. 9 & 10; U.S. Const. Amend. 5, 6, 14, when it imposed an illegal and unconstitutional fine?

Samuel's Brief at v (typographical errors and unnecessary capitalization omitted).

Prior to addressing the merits of his claims, we note that several of the legal arguments Samuel attempts to raise throughout his appellate brief are difficult to discern. *See* Samuel's Brief at 5-21. We emphasize to Samuel that he chose to proceed pro se and "although this Court is willing to construe liberally materials filed by a pro se litigant, pro se status generally confers no special benefit upon an appellant." *Commonwealth v. Lyons*, 833 A.2d 245, 251-52 (Pa. Super. 2003). "To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." *Commonwealth v. Vurimindi*, 200 A.3d 1031, 1037 (Pa. Super. 2018) (quotation marks and citation omitted). We will address the issues contained in Samuel's brief to the best of our ability.

We begin by acknowledging our standard of review. "We review the denial of PCRA relief by examining whether the PCRA court's conclusions are supported by the record and free from legal error." *Commonwealth v. Johnson*, 289 A.3d 959, 979 (Pa. 2023). "[W]e defer to the factual findings

of the post-conviction court, which is tasked with hearing the evidence and assessing credibility." *Id.* Our standard of review of a PCRA court's legal conclusions, however, is de novo. *Id.*

In his first and second issues, Samuel argues that PCRA court erred in denying his claim that the trial court imposed an illegal sentence on his PWID convictions. Samuel's Brief at 5-15. He asserts that the trial court engaged in unconstitutional fact finding when it factored the weight of the drugs Samuel trafficked into his offense gravity score. *See id.* Samuel contends that the weight of the drugs was a fact that had to both be alleged in the criminal information and found by the jury (neither of which occurred in this case) to be used against him at sentencing. *See id.*

Samuel cites to *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 570 U.S. 99 (2013), in support of this claim. In *Apprendi*, the United States Supreme Court held that any fact, other than a prior conviction, which increases the statutory maximum penalty for an offense must be submitted to the fact finder and proven beyond a reasonable doubt. *Apprendi*, 530 U.S. at 490. Similarly, in *Alleyne*, the Supreme Court held that "facts that increase the mandatory minimum sentence … must be submitted to the jury and found beyond a reasonable doubt." *Alleyne*, 570 U.S. at 108.

Samuel has misconstrued *Apprendi* and *Alleyne*. This Court has held that the holdings of *Appendi* and *Alleyne* do not apply where "the fact in

question does not affect the maximum sentence and the minimum sentence remains within the discretion of the sentencing court." **Commonwealth v. Williams**, 302 A.3d 117, 122 (Pa. Super. 2023). In **Williams**, this Court found that the parties' stipulation to the amount of fentanyl in the defendant's possession, which increased the offense gravity score for his PWID conviction, did not need to be presented to the factfinder or proven beyond a reasonable doubt. **Williams**, 302 A.3d at 122. We reasoned that while "the weight of the fentanyl enhanced the sentencing guideline range[,] it did not change the statutory maximum or trigger a mandatory minimum" and "the trial court retained discretion to impose a minimum sentence below, within, or above the guideline range." **Id.** Likewise, our Supreme Court has explained that "factfinding which increases a statutory minimum is distinct from factfinding used to guide judicial discretion in selecting a punishment within limits fixed by law" and that **Alleyne** "did not impact the broad discretion of judges to select a sentence within the range authorized by law." **Commonwealth v. Hopkins**, 117 A.3d 247, 257 (Pa. 2015) (quotation marks and citation omitted).

At sentencing, the trial court heard testimony regarding the weight of the drugs Samuel trafficked. N.T., 6/20/2024, at 16-17, 28-31. We discern no error in the trial court's decision to permit the weight of the drugs to impact Samuel's offense gravity score, as the weight of the contraband is a factor that affects the offense gravity score for a drug conviction. **See** 204 Pa. Code

§ 303.15. Importantly, the trial court also expressly stated in its sentencing order that each of Samuel's sentences were within the standard guideline range and that it did not consider mandatory sentences in determining his sentence. Sentencing Order, 6/24/2020, at 7-8.

Furthermore, his claim asserting that the criminal information had to allege that he trafficked drugs of a specific weight for the weight to factor into his sentence is meritless, as the weight of the drugs is not an element of the crime of PWID. *See* 35 P.S. § 780-113(30). Thus, weight was not a fact the Commonwealth had to allege in the criminal information nor was it a fact the Commonwealth had to prove at trial. *See* Pa.R.Crim.P. 560(B)(5) (stating that the criminal information must contain "a plain and concise statement of the essential elements of the offense").

Based on the foregoing, we conclude that the PCRA court did not err in denying Samuel's claim that the trial court imposed an illegal sentence.[4] Samuel's first and second issues do not entitle him to relief.

In his third issue, Samuel argues that the PCRA court erred in denying his claim that his grand jury presentment was defective. *See* Samuel's Brief at 16-19. Specifically, Samuel asserts that "the statements in the presentment … do not match the actual testimony of the grand jury

---

[4] To the extent that Samuel is attempting to challenge the discretionary aspects of his sentence, we note that a challenge to the discretionary aspects of a sentence is not cognizable under the PCRA. *Commonwealth v. Wrecks*, 934 A.2d 1287, 1289 (Pa. Super. 2007).

proceedings and the presentment misrepresented the information given to the grand jury." **Id.** at 16. He further asserts that the statewide investigating grand jury, which sat in Dauphin County, lacked subject matter jurisdiction to recommend charges for crimes that occurred in Blair County. **Id.** at 17.

As stated above, in the previous appeal before this Court, we cautioned Samuel that if he elected "to litigate claims challenging [his] underlying convictions, the petition will need to plead and prove the application of an exception to the PCRA's one-year time bar since those claims are now untimely and [his] newly-imposed sentence did not restart the clock on challenges to the merits of [his] convictions." **Samuel**, 2023 WL 1980864, at *4. Thus, the threshold question we must address is whether Samuel satisfied an exception to the PCRA's statutory time bar. "The timeliness requirement for PCRA petitions is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition." **Commonwealth v. Brown**, 141 A.3d 491, 499 (Pa. Super. 2016) (quotation marks and citation omitted); **see also Commonwealth v. Fantauzzi**, 275 A.3d 986, 994 (Pa. Super. 2022) ("the timeliness of a PCRA petition is jurisdictional and [] if the petition is untimely, courts lack jurisdiction over the petition and cannot grant relief"). The timeliness of a PCRA petition is a question of law, which we review de novo. **Commonwealth v. Callahan**, 101 A.3d 118, 121 (Pa. Super. 2014).

> The PCRA sets forth the following exceptions to the one-year time bar, which the petitioner must plead and prove: (i) the failure to

raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1). A petitioner must file a petition invoking one of these exceptions "within one year of the date the claim could have been presented." *Id.* § 9545(b)(2).

Although Samuel pled the newly-discovered fact and government interference exceptions before the PCRA court, in his appellate brief, Samuel fails to reference or argue the applicability of either exception with respect to his claims relating to the grand jury. *See* Samuel's Brief at 16-19; *see also* PCRA Petition, 11/6/2024, at 15-22. Samuel has consequently waived his arguments that he has satisfied the newly-discovered fact and government interference exceptions because he did not raise them in his brief before this Court. *See Commonwealth v. Bradley*, 232 A.3d 747, 756 (Pa Super. 2020) ("[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived.") (citation omitted); *see also Commonwealth v. Bennett*, 517 A.2d 1248, 1250 n.4

- 11 -

(Pa. 1986) (stating issues raised in PCRA petition and not presented on appeal are deemed abandoned). We therefore do not have jurisdiction to address the merits of his claim relating to the grand jury in his case.

In his final issue, Samuel argues that the PCRA court erred in denying his claim that the trial court imposed an illegal sentence by ordering him to pay fines totaling $8,000.00. Samuel's Brief at 20-21. Specifically, he asserts that the trial court improperly imposed the fine without conducting an inquiry regarding his ability to pay. *Id.*

> Section 9726 of the Sentencing Code provides, in pertinent part:
>
> The court may sentence the defendant to pay a fine in addition to another sentence, either involving total or partial confinement or probation, when:
>
>> (1) the defendant has derived a pecuniary gain from the crime; or
>>
>> (2) the court is of the opinion that a fine is specially adapted to deterrence of the crime involved or to the correction of the defendant.

42 Pa.C.S. § 9726(b). Relevantly, section 9726(c) further instructs that "[t]he court shall not sentence a defendant to pay a fine unless it appears of record that … the defendant is or will be able to pay the fine[.]" *Id.* § 9726(c). As our Supreme Court has stated, "a sentence is illegal when the record is silent as to the defendant's ability to pay the fine imposed." *Commonwealth v. Ford*, 217 A.3d 824, 828 (Pa. 2019).

Here, the PCRA court found record support for Samuel's ability to pay the fines in his November 12, 2019 presentence investigation report ("PSI"),

which provided a "detailed overview of [Samuel]'s employment and income history prior to incarceration," and the public docket sheets, which "shows numerous payments made by [Samuel] in excess of $100" prior to his resentencing in 2020. PCRA Court Opinion, 2/20/2025, at 10. Thus, the PCRA court determined that the record contained evidence at the time of his resentencing showing that Samuel's ability to pay his fines over the course of his forty-year sentence. *Id.*

Despite a diligent review of the certified record on appeal, we are unable to locate the PSI report in the record. Our review of the public docket sheets, however, confirms the trial court's findings—i.e., in the two years prior to his resentencing in this case, Samuel made regular monthly payments towards his costs and fines, several that were in excess of $100.00. *See* Public Docket Sheet (CP-07-CR-0002674-2011) at 44-45; Public Docket Sheet (CP-07-CR-0000667-2012) at 57-58; *see also Solomon v. U.S. Healthcare System of PA, Inc.*, 797 A.2d 346, 352 (Pa. Super. 2002) (acknowledging that a court may take judicial notice of public docket sheets); Pa.R.E. 201(b)(2) (permitting courts to take judicial notice of facts deriving from sources whose accuracy cannot reasonably be questioned). Thus, we discern no error in the PCRA court's determination that the record contained information indicating that Samuel had the ability to pay his fines. *See Ford*, 217 A.3d at 828. His final issue therefore does not entitle him to relief.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


DATE: 06/09/2026